## PHILLIPS PETROLEUM CO. v. THOMAS.
### No. 2313.

Court of Civil Appeals of Texas. Eastland.
Dec. 4, 1942.

Rehearing Denied Jan. 15, 1943.

Blanton & Blanton, of Albany, for appellant.

L. H. Welch, of Breckenridge, and S. A. Crowley, of Fort Worth, for appellee.

FUNDERBURK, Justice.

H. J. Thomas brought this suit against Phillips Petroleum Company to recover damages for injuries sustained by his wife, resulting from a collision between a gasoline tank truck, owned by defendant and operated by one of its employees, and a Chrysler automobile owned, and being driven, by W. S. Capps, in which plaintiff's wife was riding.

In a trial by jury, the jury found three alleged grounds of actionable negligence against defendant's employee, namely: (1) that he was driving the truck partly on the left side of the paved highway; (2) that he was driving the truck (shown by the undisputed evidence to weigh over 5,000 pounds) at a speed of 37 miles per hour; and (3) that he failed to keep a proper lookout.

No ground of defense based upon contributory negligence of plaintiff's wife was submitted. Issues relating to alleged negligence of Capps, the driver of the car in which plaintiff's wife was riding, were submitted, and all found to the effect that said driver was not negligent. Such issues were, as affecting the correctness of the judgment, rendered immaterial because of a finding that Capps and plaintiff's wife (Capps' daughter) were not engaged upon a joint enterprise.

Upon the verdict of the jury, including a finding of damages in the sum of $2,500, the court gave judgment for plaintiff for said amount, from which defendant has appealed.

The transcript in this case consists of 234 pages. The statement of facts (in two volumes) contains 713 pages. Appellant's printed brief has 253 pages. According to such brief, the appeal is predicated upon 82 points, the statement of which comprises 51 pages of the brief.

Many of the 82 points are so obviously without merit as not to justify mention, to say nothing of discussion. For example, by point 24, it is asserted that the court "erred in not granting Appellant's motion for judgment non obstante veredicto because to allow any judgment against defendant under the facts in this case would be against all right and justice and would be unconscionable." Evidently the "facts of the case", as thus referred to, do not mean the same thing as the facts as found by the verdict of the jury. The point does not present any question of the validity of the verdict. It is difficult to see how it may be supposed that such a point can add anything to the reasons which may be properly urged against the correctness of the judgment or any of the proceedings leading up to the judgment.

For further example, point 19 is to the effect that the court erred in not granting appellant's motion for judgment non obstante veredicto "because the answer of the jury to special issue number 18 that immediately prior to the collision in question, W. S. Capps did not cross to the south side of the pavement and on to the south shoulder of the highway, and was *wholly unsupported and contrary to, the great preponderance of the evidence*", etc. (Italics ours.) Where a jury finding upon an issue is subject to the jury's judgment as to the credibility of the witnesses and/or the weight of the evidence, an Appellate Court cannot say that a verdict is wrong just because it may appear to the reviewing court that a preponderance of the evidence is contrary to the verdict. Such a proposition simply presents nothing for review.

Plaintiff's wife, as did her father, W. S. Capps, the owner and driver of the car in which Mrs. Thomas was riding, testified that the Capps car never crossed the middle line of the pavement from the right to the left side. They both testified that defendant's truck was driven from its right to left side across the middle line of the pavement. A great number of appellant's points are so stated as necessarily to imply the nonexistence of any such evidence. Such points cannot, therefore, be sustained, regardless of their abstract correctness as propositions, simply for the reason that they are not supported by the record.

In our opinion the evidence did not establish conclusively as a matter of law that Capps, the owner and driver of the car and his daughter, plaintiff's wife, were engaged in a joint enterprise. If we are correct in this conclusion, then it follows that the finding upon that issue against defendant is conclusive. The effect of such finding is to render immaterial any question regarding the alleged negligence of Capps.

We find ourselves unable to select any reasonable number of appellant's other points to the exclusion of the rest, as specially meriting discussion. We have considered all of them, and under the circumstances believe we are justified in the conclusion that none of them presents material error requiring or justifying the reversal of the case, and that, therefore, the judgment should be affirmed. It is accordingly so ordered.