## PHILLIPS PETROLEUM CO. v. CAPPS.

### No. 2346.

Court of Civil Appeals of Texas. Eastland.
March 19, 1943.

Rehearing Denied April 9, 1943.

Blanton & Blanton, of Albany, for appellant.

L. H. Welch, of Breckenridge, and Todd, Crowley & Gambill, of Fort Worth, for appellee.

FUNDERBURK, Justice.

W. S. Capps sued Phillips Petroleum Company to recover damages for personal injuries and property, resulting from a collision between an automobile owned and driven by plaintiff and a gasoline tank-truck owned by defendant and being driven by its employee, A. J. Williams. The collision occurred near the east end of a curve in the east-west paved highway No. 80-A, about 6 miles east of Albany, Texas. At the place of collision the pavement is 20½ feet wide, and on each side was a smooth shoulder, the outer edge of the one on the north side, about 8 feet distant from the edge of the pavement, being marked by 12 posts, 60 feet apart. The collision occurred at a point on the pavement between the first and second posts on the east end of the curve. As the result of the collision, in addition to injuries to his person, plaintiff's car was burned, together with property therein, consisting of agreed items with agreed values.

Negligence of defendant in numerous respects was alleged by plaintiff, and contributory negligence in many different respects was alleged by defendant. In a jury trial a verdict was returned, finding defendant guilty of negligence in four different respects and each constituting a proximate cause of the injuries, as follows: (1) That immediately preceding the collision defendant's gasoline tank-truck (traveling east) was being driven with part of same to the driver's left of the middle line of the pavement. (2) That defendant's said gasoline tank-truck was, at the time of, and just prior to, the

collision, being driven at a speed of 35 miles per hour. (3) That A. J. Williams, the driver of the gasoline tank-truck, failed to keep a proper lookout at the time of, and immediately preceding the collision. (4) That at and immediately preceding the collision, A. J. Williams, driver of defendant's gasoline tank-truck, suddenly turned said truck to his left and into the Capp's car.

All issues submitted relating to contributory negligence were found in favor of plaintiff. The question of damages was submitted in two issues, upon the first of which the damages for purely personal injuries were found to be $495, and upon the other, the damages consisting of a reasonable amount of hospital and doctors' bills, the automobile (burned following the collision) and other personal property (in the car and also burned) were found in the sum of $1,225.

From the judgment for plaintiff, based upon said verdict, defendant has appealed.

This is a companion case to the recent case of Phillips Petroleum Company v. Thomas, Tex.Civ.App., 167 S.W.2d 571. In this case the transcript consists of 249 pages; the statement of facts (2 volumes) consists of 671 pages; appellant's printed brief contains 270 pages. The statement of the 95 points, upon which the appeal is predicated, alone comprises 70 pages. We make this statement as explanatory of the brevity of discussion relating to any particular point or points and as accounting for the failure to even mention a great number of them.

In the voir dire examination of the jurors, from which the jury was selected, the attorney for plaintiff asked, and twice repeated, the question whether the jurors, if selected and having heard the testimony from the witness stand and the law as given in charge by the court, as to which the court would instruct them to try the case solely on the evidence and the law, and whether, after stating under oath they would do that, and after having heard the evidence and believing that plaintiff was entitled to recover a substantial amount, whether they would render a judgment in such amount as they thought proper "without regard to when it was paid, or whether it was ever paid, *and without regard to who paid it,* and render such judgment solely in accordance with the evidence they had heard and the law as given

them in charge by the court?" (Italics ours.)

The first point is to the effect that the language above italicised under the circumstances stated informed the jury that the defendant carried and was protected by public liability insurance. In our opinion, said interrogation of the members of the jury panel was not subject to that criticism. In the bill of exception, presenting the objection, appellant said: "* * * but the defendant is well known to be a solvent company and would be able to pay off a judgment." If so much was well known concerning the defendant, it could well be true, as suggested by appellee, that it had so many employees and their families depending upon it that there might be a possible reluctance to require it to pay a large judgment. Again, as suggested by appellee, the question could have referred to a possible reluctance to require the company, itself guilty of no wrong, but merely held to a legal liability for the wrong of its servant, to pay a judgment providing for a large amount of damages. The entire tenor of the interrogation was to have each juror answer whether he would be uninfluenced by any other than the proper considerations which should determine his action. It seems to us it is not within its reasonable and natural purport that there was a suggestion to the jury that the defendant was protected by public liability insurance.

Point two is overruled because it is not supported by the record. The facts therein enumerated as the basis of the contention that the court erred in refusing to instruct a verdict for the defendant were not only not conclusively established in favor of the defendant by the evidence, but as issues raised by some evidence were submitted and found by the verdict against the defendant.

Points three to four, inclusive, and six to twenty-four, inclusive, are so stated that the validity of each is made dependent upon the correctness of the conclusion that some material fact as found by the verdict was "contrary to" or "wholly unsupported by" the "preponderance and greater weight of credible evidence", or words to that effect. Such a proposition does not raise the question of an absence of any evidence to support the verdict; neither does it raise the question of the

insufficiency of evidence to support the verdict. The one is a question of law; the other a question of fact. Hall Music Co. v. Robinson, 117 Tex. 261, 1 S.W.2d 857. The reason why a contention that the verdict (in some particular) is contrary to or not supported by a preponderance of the evidence is not the same thing as a contention that the verdict is without support in the evidence, or the evidence is insufficient is that almost always a question of the preponderance of evidence is affected or controlled by questions of the credibility of witnesses and of the weight of evidence, the decision of which latter questions is confided exclusively to the jury. In this court, a seeming great preponderance of the evidence upon a given issue may be wholly nullified by the jury's decision of the questions of credibility of witnesses or the weight of the evidence. For this reason we overrule said points. Phillips Petroleum Co. v. Thomas, supra.

■ We overrule Point 5 because we cannot agree that, regardless of all other evidence, plaintiff admitted facts from which it results conclusively as a matter of law that he was guilty of contributory negligence precluding recovery.

■■ The contention in Point twenty-five, that the court erred in overruling appellant's motion for new trial, on the ground that the finding upon Special Issue No. 11, that "Plaintiff sustained $1225.00 damages as the 'reasonable amount of hospital and doctors bills' was wholly unsupported by the pleadings * * *" cannot be sustained. It may be granted that plaintiff's pleadings were subject to special exception on the ground that it was not therein alleged that the amount of damages claimed to have resulted from the payment of hospital and doctors' bills was necessary and reasonable in amount. No question of error in overruling such a special exception, if any, was urged, is presented, and in the absence of special exception, we think the pleadings were sufficient. The further contention in Point 25 that such finding of damages "was wholly unsupported by * * * the greater weight of credible evidence" is only saved from operation of the principle already above discussed by the further enlarging clause, to wit: "* * * in that no evidence was offered to show that any hospital and doctors bills were reasonable and necessary." Special Issue No. 11 was as follows: "From a preponderance of the evidence, what amount of money do you find would reimburse the plaintiff, Capps, for a reasonable amount of hospital and doctors bills, for Pontiac automobile and other personal property?" If the statement of such issue was subject to objection on the ground that there was no evidence of the reasonableness of the hospital or doctors' bills, plaintiff should have pointed that out by timely objection to the special issue. The record shows that such objection was not made, and hence, in our opinion, the error, if any, should be considered as having been waived.

■ We overrule the points relating to the subject of improper argument of plaintiff's counsel. In so far as prima facie, the argument would seem to be improper, a reading of the record is most convincing, we think, that they were provoked by the injection by defendant of immaterial collateral, but, nevertheless prejudicial matters, such, for example, as the existence and pendency of a criminal case against plaintiff growing out of the same transaction as that involved in this suit.

■ As to those points relating to the refusal of the court to submit requested issues or instructions, we deem it sufficient to state as our conclusion that the action of the court was warranted for one or more of various reasons, such as that the issues were submitted or were not raised by the evidence or the questions accompanying the request were improperly stated or were not real issues in the case or were merely evidentiary upon one or more issues.

We have given careful consideration to all the points presented as grounds for the reversal of the judgment and are not convinced that any reversible error is shown.

We are of the opinion that the judgment should be affirmed, and it is accordingly so ordered.