**HOUSING AUTHORITY OF CITY OF GALVESTON**

v.

**HENDERSON et ux. (two cases).**

Nos. 12698 and 12699.

Court of Civil Appeals of Texas.

Galveston.

April 22, 1954.

Lockhart, Watson & Peterson, and Dudley W. Peterson, Galveston, for appellant.

Barker & Barker, Owen D. Barker, Galveston, for appellees.

CODY, Justice.

The two cases here involved are proceedings in eminent domain brought by the Housing Authority of the City of Galveston for the condemnation of two parcels of land together with the improvements thereon situated, owned by Edward Henderson and wife, appellees. The only issue in each case, remaining after stipulations made by the parties, was the amount of damages which the owners were entitled to receive for their property. The property sought to be condemned in Cause No. 17,183 in the county court of Galveston County (being numbered 12,698 on appeal), consisted of the following described property in the City and County of Galveston: Lot 1 and the West 22 feet 10 inches of Lot 2 in Block 282. The property sought to be condemned in Cause No. 17,184 in the county court of Galveston County (being numbered 12,699 on appeal), being the North 57 feet 8 inches of the West ½ of Lot 13 and the North 57 feet 8 inches of Lot 14, together with improvements thereon situated. Both of said tracts are bounded on the west by 43rd Street, and the first tract is also bounded on the north by Avenue H. The property in question is fully described in the trial court's judgments, respectively.

The condemnation proceedings were consolidated in the county court but separate judgments were rendered in each case. In the first case the court rendered judgment awarding compensation to Edward Henderson and wife in the sum of $53,200, and in the latter case rendered judgment awarding compensation to the landowners in the sum of $15,300, from which the Housing Authority has separately appealed

in each instance, but the parties have each filed only a single brief on appeal, and the appeals are here treated by all concerned as a single appeal.

Appellant predicates its appeal upon eight formal points (which it designates as "propositions").

Appellant's first point complains of the court's action in admitting the testimony of Louis W. Oliver, a witness for appellees, as to the replacement costs of the buildings which are located in each instance on the land belonging to the appellees, because he, after testifying to such replacement costs, admitted that he was not able to testify as to the amount of depreciation of the buildings on aforesaid lots in terms of money, due to their age and natural wear and tear. Witnesses other than Mr. Oliver did testify as to the extent of the depreciation which the buildings in question had sustained.—We overrule said point. The evidence shows that Mr. Oliver has been a building contractor of 40 years experience in the City of Galveston. No objections were made by appellant that he was not qualified to testify as to the replacement costs. We hold that the failure of Mr. Oliver to qualify as an expert on "depreciation" did not render him incompetent to qualify as an expert on replacement costs.

It is well settled that in condemnation proceedings the replacement value of a building on land to be condemned less natural depreciation for the period of its life is admissible for such aid as the same may be to the jury in arriving at the market value of such building. State v. Doom, Tex.Civ.App., 278 S.W. 255, 257. The only requirement for the admissibility of the testimony of an expert is that he must be shown to be qualified to testify as such with respect to the subject which he is called to testify on.—Had appellees failed to introduce admissible evidence upon depreciation, the court would no doubt have ordered the jury not to consider the testimony of Oliver as to the replacement costs for any purpose. Standard Oil Co.

of New Jersey v. Southern Pacific Co., 268 U.S. 146, 45 S.Ct. 465, 69 L.Ed. 890, seems to be a case in which some witnesses testified as to the reproduction cost of a steamship, while others testified as to "depreciation." However, no point was there made that unless a witness was shown to be competent to testify as an expert on each subject, that he was incompetent to testify on either subject.

Appellant's second point, complaining that appellees' witness, H. J. Mathis, was not shown to be qualified to give testimony as to the market value of the property sought to be condemned, is overruled. Said witness testified unequivocally that he knew the market value of the property in question. This alone was sufficient prima facie evidence to warrant the court in holding the witness qualified. Any contradictory evidence would have served at most but to weaken such prima facie showing. See City of Trinity v. McPhail, Tex.Civ.App., 131 S.W.2d 803, 806, 807, and authorities there cited. Aside from the rule just cited, the evidence of the witness showed that he was a licensed real estate broker; that he had been engaged in the real estate business for the past 28 years, the last 26 years of which he had been such in Galveston; that he was a partner in the largest real estate firm in the City from 1926 to 1935; that after his partner retired, witness continued as a real estate broker down to the present date. He admitted that he had "let up" in his business in recent years but he testified that he kept up with the values of real estate. Since the qualification of a witness to give his opinion concerning the value of real estate is largely within the discretion of the court (Central State Bank of Coleman v. Henderson, Tex.Civ.App., 286 S.W. 518, writ dismissed), and the witness here stated that he knew the correct value of the property in question, it would be pointless to discuss the point further.

We also overrule appellant's third point complaining that the aforesaid witness Mathis was not shown to be qualified

to express an opinion on the rental values of the condemned property. The witness testified unequivocally that he knew such rental values. He testified that he was in charge of negro rental property within the City of Galveston similar to the property in question, which was also negro rental property.

■ Appellant's fourth point complains of the court's action in admitting the testimony of the said witness Mathis on the question of the replacement cost of the improvements located on the property in question. The witness was permitted to testify without objection that he knew the basis for determining construction costs, and that construction costs ran from $6 to $12 a square foot and that he took as the proper basis for determining such construction costs in the present instance $8 per square foot. After the testimony had been let in, without objection by appellant, appellant then objected but the court held the objection came too late.

■ Appellant's fifth point complains of the court's action in sustaining an objection to a question asked the witness Mathis on cross-examination as being an arbitrary breach of appellant's right of cross-examination.—We overrule the point. The statement of facts in this case, at page 179, shows that on cross-examination appellant's counsel asked the question, "Mr. Mathis, I would like to ask you one final closing question. If you answered it before, I would like to have the answer pointed out to me. Can you, either in any transaction you have handled yourself or in any transaction anybody else has handled that you know of within the last two years, point out to me any transaction in real estate of this kind or character or anything comparable which will in anyway justify the valuations that you have put on this property?" The court sustained appellees' objection that the question was repetitious. An examination of the statement of facts justifies the court's ruling. Several questions directed to the same subject had been repeatedly asked the witness before the above quoted question was asked.

Indeed, the statement of facts shows that subsequently the appellant was permitted to ask further questions directed to the same subject. " * * * it is within the discretion of the court to disallow a question calling merely for a repetition of testimony * * * , even though the question be not in form a repetition of a previous question." 70 C.J. 552. So, no abuse of the court's discretion is shown here.

■ Appellant's sixth point reads, "The verdict is not supported by a preponderance of the credible evidence." Its seventh point reads "The verdict is contrary to the preponderance of the evidence and to the charge of the Court." These points are practically copied from paragraphs contained in the appellant's motions for new trials. Appellees levelled no special exceptions thereto. But in no event do either of these points present error. "Where a jury finding upon an issue is subject to the jury's judgment as to the credibilty of the witnesses and/or the weight of the evidence, an Appellate Court cannot say that a verdict is wrong just because it may appear to the reviewing court that a preponderance of the evidence is contrary to the verdict. Such a proposition simply presents nothing for review." Phillips Petroleum Co. v. Thomas, Tex. Civ.App., 167 S.W.2d 571, 572, error refused.

■ Appellant's eighth point is that the verdicts are not supported by a preponderance of the evidence, are manifestly excessive, and are based upon passion, prejudice or sympathy.

As indicated above, the jury with respect to the first tract awarded the sum of $53,200 and on the second tract awarded a sum of $15,300. We have carefully reviewed the testimony as well as carefully studied the pictures which have been brought up as exhibits showing the buildings involved. The pictures disclose buildings which appear to be far from new and considerably run down. However, there is evidence in the record that the timber which went into their construction

is sound. And, there is ample evidence in the record to justify such findings of the value. The rental values which the evidence showed the property would bring would more than justify such findings. Furthermore, there was evidence to the effect that on the Island of Galveston, at least within the City of Galveston, negro rental property is quite limited and that the set-up which the property owners had, and which appellant has condemned, could not be reproduced for less than $100,000.

The judgments appealed from will be affirmed.

Affirmed.