Bertram SCHROEDER et ux., Appellants,

v.

GALVESTON COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. I, Appellee.

No. 14418.

Court of Civil Appeals of Texas.,

Houston.

Dec. 17, 1964.

Rehearing Denied Jan. 7, 1965.

Palmer & Bell, Ralph L. Bell, Dickinson, for appellants.

Fuhrhop & Green, John R. Green, Dickinson, for appellee.

COLEMAN, Justice.

This is a condemnation suit. Appellee has condemned an easement across certain land owned by appellant on which a sewer line has been constructed. One tract of appellants' property was a strip of land 60 feet in width and 170 feet in length. An easement over 20 feet of this property, along the north property line, was taken. A deep water well was located about 5 feet north of the south property line. Prior to the construction of the sewer line appellant sold water from this well to other property owners. After the sewer line was constructed he discontinued selling the water.

Appellant testified that he stopped the operation of the well and discontinued the water service because the sewer line was placed very close to the well. There was testimony by the Chief Sanitary Officer of the Galveston County Health Department that the Texas State Department of Health had promulgated certain rules and regulations binding on Galveston County and that under certain conditions it is dangerous to health to place a sewer line within 50 feet of a water well. His further testimony might be construed as being to the effect that the well could be safely used if it is enclosed in concrete and might be safe under other conditions. He also testified that if the sewer line was constructed properly of epoxy lined cement asbestos pipe with rubber sealed joints a water well 45 feet away would be safe. There is testimony from which it might be inferred that the Water District used this type of construction though there was no direct testimony to this effect.

A consulting engineer of the District testified that in constructing sewer lines he tried to avoid laying them as close as 47 feet to a water well. He stated that there is a regulation prohibiting water wells within 50 feet of a sewer line, but he did not state who made, or enforces, the regulation.

On a bill of exceptions appellant testified that the water well was unusable because the sewer line created a hazard. Appellant had operated the water well since 1953 and during that time he had become familiar with the requirements for keeping a water well free from contamination primarily from booklets, and rules and regulations outlining the requirements for water wells and sewer lines furnished him by the Chief Sanitary Officer of Galveston County. He testified that his well was 498 feet deep and encased in a four inch galvanized steel pipe, and that a water well located between 50 feet and 75 feet of a sewer line should be encased in cement. Based on his experience with water wells, it was his opinion that, considering the construction of his well, it could not be safely operated for human consumption since the sewer line had been constructed within 50 feet of it.

This testimony was refused by the court on the ground that appellant did not qualify as an expert with regard to the technical matters to which he testified and that appellant's information with regard to damages to the well was based on hearsay. An additional objection to the testimony was that the proffered testimony related to dam-

age to a business rather than to the land as such.  · · ·

Appellant's first three points of error relate to the action of the trial court in refusing the proffered testimony concerning damage to the water well; in refusing to permit reference to damage to the water well in argument to the jury; and in refusing to instruct the jury that they should consider the damage to the water well.

■ Although the evidence was not clear and specific on the question, there was evidence from which it could be reasonably inferred that the Texas State Department of Health had promulgated certain Rules and Regulations pertaining to the operation of water wells and that one of these regulations prohibited the operation of a water well within 50 feet of a sewer. While this was secondary evidence, it was admitted without objection and is competent evidence. McCormick and Ray, Texas Law of Evidence (2d Ed.), § 1579.

If by this regulation water from water wells within 50 feet of a sewer line cannot be lawfully produced, there would be damage to the well and distribution system. The evidence shows that the present well is 47 feet from the sewer line as installed and is only 5 feet from the south property line, leaving a strip of land only two feet in width outside of a 50 foot zone from the sewer line. None of appellant's land would be 50 feet away from the south line of the easement taken.

■ The trial court submitted issues requiring the jury to find the value of the "land" in the remainder before the taking and after the taking. The word "land" was defined as meaning "the soil, vegetation and trees thereon, if any." Appellant orally objected to the definition because it omitted "improvements." If the objection was subsequently transcribed and the court's ruling and official signature endorsed thereon, and if the objection was filed with the clerk in time to be included in the transcript, as required by Rule 272, Texas Rules of Civil Procedure, it is not included in the official transcript. There is, therefore, no sufficient bill of exceptions to the action of the court in refusing to amend his charge, in the particular desired, before this Court, and the oral objection must be considered waived. Cannon v. Canida, Tex.Civ.App., 321 S.W.2d 631, error ref., n. r. e.; Allen v. Matthews, Tex.Civ.App., 210 S.W.2d 849, error ref., n. r. e. Apparently no issues requested by appellant were refused by the court.

■ Appellant's point of error pertaining to the refusal to admit testimony is too general and does not specify the exact testimony which he contends was admissible. In his argument under the point he discusses only that portion of the testimony in which appellant said that he knew the value of the well and that the value of the well and distribution system was $3,949.90. Neither this witness nor any other attempted to estimate the depreciated value of the well. He testified that the $3,949.90 was replacement cost. The trial court did not err in refusing this evidence in the absence of testimony concerning depreciation. State v. Doom, Tex.Civ.App., 278 S.W. 255; Housing Authority of City of Galveston v. Henderson, Tex.Civ.App., 267 S. W.2d 843.

There is no evidence that the distribution system is valueless. So far as the evidence shows, the well could be relocated and the same distribution system used. There is no evidence of the salvage value of the pipes, pumps and tanks. These items were not on the property taken. Under these circumstances the replacement cost of the well *and* entire distribution system was irrelevant to the issues in this case since it would have been of no assistance to the jury in determining the value of the land remaining to appellant after the easement was condemned. The court did not err in excluding this evidence.

There is no evidence in the record which would assist the jury in determining the loss in money to appellant's water well or to guide the jury in determining the loss in value which the land suffered by reason of damage to the well. Any consideration the jury might have given to the damage to the well would have been purely speculative and conjectural. The action of the trial court, in advising the attorney for appellant that reference to the water well would be immaterial and improper, was not error.

The judgment of the trial court is affirmed.