Richard A. FRY d/b/a American Executive Realty, Appellant,

v.

Pamela GUILLOTE, Appellee.

No. 1920.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 31, 1979.

Rehearing Denied Feb. 21, 1979.

Ralph Hutchmacher, Dellinger, Lawrence & Baca, Houston, for appellant.

Robert E. Price, Lockett, Embry & Cantey, Houston, for appellee.

1. This figure represents twenty-five percent of the total sales commissions earned by American Executive Realty of $8,736.47 on the sale of

COULSON, Justice.

Appellant Richard A. Fry appeals from a judgment in favor of appellee Pamela Guillote after a non-jury trial in a suit to recover commissions related to the sale of real estate. We affirm.

In July of 1974 appellee, a licensed real estate sales person, was employed as a real estate agent by American Executive Realty. During her employment appellee procured several listings for the sale of homes by American Executive Realty. Four of the listings were sold by American Executive Realty after appellee had terminated her employment and gone to work for another real estate broker. In August of 1975 appellee filed this suit seeking to obtain her alleged share of the commissions received by American Executive Realty on the sale of these four properties. After a non-jury trial the trial judge granted judgment in favor of appellee in the amount of $2,184.12.[1] Appellant appeals from that judgment.

Appellant's first point of error complains that the trial court erred in refusing on two separate occasions to allow him to amend his pleadings with a trial amendment. Shortly after the trial had begun, appellant attempted to file an amended answer alleging, under oath, that American Executive Realty was an assumed name for American Executive, Inc., a Texas corporation, and that Richard A. Fry was an employee only of American Executive Realty or American Executive, Inc. and was therefore not liable as an individual for the acts of his employer. The trial court refused to allow such trial amendments to be filed. Appellant's first point of error alleges that the judge erred in refusing to allow this trial amendment.

■ We note at the outset that the matter of whether to permit the filing of a trial

the four homes for which appellee obtained the listings.

amendment is addressed to the sound discretion of the trial court and his order will not be disturbed unless it clearly appears that he abused his discretion. *Vermillion v. Haynes,* 147 Tex. 359, 215 S.W.2d 605 (1948). In this case appellant attempted, after trial of the case had begun, to file a trial amendment in effect denying that appellee had sued the proper defendant. One authority has amassed some of the matters to be considered in determining whether the trial court properly exercised his discretion in granting or denying a trial amendment:

> "In the matter of allowing amendments . . . pending the trial in order to meet the proof, the trial judge should allow the amendment if it appears that the new matter contained in it was not known to the party seeking to file the same or, by the exercise of reasonable diligence, he could not have ascertained the same when his former pleadings were filed, and that it does not involve new issues or inject into the case new matters which would interfere with the orderly progress of the court's docket or work injustice upon other parties. . . . However, . . . when it appears that the new matter was known to the party seeking to file the amendment, or to his counsel, or, by exercising reasonable diligence, it could have been known . . . at such time as would have enabled them to include it in his former pleadings, of if it injects new matter . . . the request should be denied."

2 R. McDonald, Texas Civil Practice § 8.04 (1970). *See also Westinghouse Electric Corp. v. Pierce,* 153 Tex. 527, 271 S.W.2d 422 (1951); *Coffey v. Fort Worth and Denver Railway Co.,* 285 S.W.2d 453 (Tex.Civ. App.—Eastland 1956, no writ).

■ Appellee's petition in this case was filed in August of 1975. Appellant's answer was filed in October of 1975 and appellant's answers to appellee's interrogatories were filed in December of 1975. Trial of the cause occurred on January 18, 1978, the date on which appellant attempted to amend his pleadings to assert that he was not liable in the capacity in which he was

sued. Appellant made no showing of any reason why this matter could not have been pled in the two years between the filing of his original answer and the day of trial. Certainly he made no contention that he did not have knowledge at all relevant times that American Executive Realty was an assumed name for the corporation, and not for himself as an individual. To allow such amendment at trial would "interfere with the orderly progress of the court's docket" by requiring appellee to replead her cause against a new defendant not a party to the suit as originally filed. Thus we find that the trial court did not abuse its discretion in refusing to allow appellant to file his trial amendment after trial had begun.

■ Appellant cites the case of *Rose v. Shearer,* 431 S.W.2d 939 (Tex.Civ.App.— San Antonio 1968, no writ) for the contention that Rule 67, Tex.R.Civ.P., required the allowance of his trial amendment at the close of the evidence. Rule 67 provides for amendments to conform to issues tried by consent. In this case the evidence as to the ownership of American Executive Realty was not tried by consent but was consistently objected to by appellee. Rule 67 therefore does not apply. Appellant's first point of error is overruled.

■ Appellant's second point of error contends that the trial court erred in holding that appellee was entitled to receive a 25% commission on listings obtained by her for American Executive Realty but not sold until after she had left that agency. Appellee introduced into evidence a contract between American Executive Realty and one Katherine Woodward. Appellee stated that she did not have a copy of her own contract nor did American Executive Realty, but that it was an exact duplicate of the contract executed by Katherine Woodward. This evidence was admitted without objection and therefore is sufficient to establish the contents of the contract at issue. 2 C. McCormick & R. Ray, Texas Evidence § 1579 (2d ed. 1956). *See also Schroeder v. Galveston County Water C & I Dist. No. 1,* 385 S.W.2d 629, 631 (Tex.Civ.App.—Hous-

ton 1965, no writ); *Busby v. First Nat. Bank,* 68 S.W.2d 328 (Tex.Civ.App.—Fort Worth 1934, writ dism'd).

By the terms of the contract the real estate agent was to receive 25% of the total commission received by American Executive Realty from the sale of any property for which that agent was responsible for procuring the listing. There is no language in the contract which limits the agent's right to receive such commissions only to those listings sold while the listing agent was an employee of American Executive Realty. The only condition to the receipt of the 25% commission is that the agent have procured the listing. Appellee undisputedly did procure the listings for the four properties in question here.

Appellant contends that the custom in the industry is that a listing sales person would receive no commission unless he were employed by the listing broker at the time of closing on that listing. He argues that the trial court erred in finding that the contract between appellant and appellee abrogated this "usual custom" in the industry. Appellant claims that the trial judge took judicial notice of this custom. The trial judge's statement did not take notice of such a custom existing independently of any contract. He stated only that he was aware of such a practice among realtors in the area if it was agreed to by the listing agent. Therefore the judge's statement does not establish that this custom governs the transaction here, where there was no such agreement in the contract.

The only evidence presented of such a custom was that brought out by the appellant Richard Fry in his testimony. We do not believe this is sufficient to establish that this custom was so established and well known in the industry as to automatically become an implied part of any contract between a real estate broker and his agents. In order to establish a custom and usage that would be included in a contract without being expressed therein it is necessary to show that it is a custom generally known to the parties or that the parties contracted with reference thereto. *Flagg*

*Realtors, Inc. v. Harvel,* 509 S.W.2d 885, 889 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.). We do not believe that appellant's testimony about there being such a well known custom is sufficient to support this contention. Appellee testified to the contrary that she did not become aware of this custom until after she had left her employment with American Executive Realty and tried to collect her commissions. We find that the judge did not err in enforcing the contract according to its plain language. Appellant's second point of error is also overruled and the judgment of the trial court is affirmed.

Affirmed.