**OHIO MEDICAL PRODUCTS, INC.,**
**et al, Appellants,**

**v.**

**Christy SUBER and Craig**
**Suber, Appellees.**

**No. B14–87–209–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 15, 1988.

Roger D. Townsend, Andrew T. McKinney, Houston, for appellants.

Don R. Riddle, Houston, S.R. Lewis, Jr., Galveston, Gayle Gordon, Austin, for appellees.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

The jury awarded plaintiffs in excess of $6,000,000 in a products liability action. Christy Suber suffered permanent brain damage from an overdose of anesthesia during a minor surgical procedure. She and her husband sued the anesthesiologist, the hospital and others for negligence and medical malpractice. They sued appellants, Ohio Medical Products, Inc., Airco, Inc., The BOC Group, Inc., and Ohmeda (hereafter "Ohmeda"), the manufacturers, sellers and servicers of the anesthesia gas machine, alleging a defective product, negligent design and negligent failure to warn of known hazards related to the machine. On appeal Ohmeda raises six points of error. We affirm.

The Subers went to trial against Dr. Harvey Slocum, The University of Texas Medical Branch at Galveston, John Sealy Hospital, the State of Texas and appellants. At the close of the plaintiffs' evidence, when defendants Slocum, UTMB, the hospital and the State moved for an instructed verdict, Ohmeda sought leave to amend its pleadings to add a cross action for contri-

bution against these defendants. The motion was denied and the instructed verdict was granted. The case went to the jury with Ohmeda as the sole defendant.

In its first two points of error, Ohmeda contends that the trial court erred in granting the co-defendants' motion for instructed verdict and that the court abused its discretion in refusing Ohmeda's motion for leave to amend its pleadings. We first consider Ohmeda's second point.

Rules 63 and 66 of the Texas Rules of Civil Procedure allow amendment of pleadings when there is no showing of surprise or prejudice to another party in maintaining his action or defense. The granting of leave to file a trial amendment is purely discretionary and the trial court's ruling will not be disturbed on appeal absent a clear showing of abuse of its discretion. *Fry v. Guillote*, 577 S.W.2d 346, 347–348 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Leong v. Wright*, 478 S.W.2d 839, 846 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). A court does not abuse its discretion in refusing to allow an amendment when the record shows a lack of diligence. *Fry v. Guillote*, 577 S.W.2d at 348; *Sanchez v. Matthews*, 636 S.W.2d 455, 460 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). Where the matter to be pleaded appears to have been known by the party seeking to amend and is not based on any newly discovered facts, an amendment should be denied. *Merit Drilling Co. v. Honish*, 715 S.W.2d 87, 91 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

The incident which formed the basis of the Subers' suit occurred in April of 1984. Ohmeda went to trial November 10, 1986 on its third amended original answer, filed November 5, 1986. It contained no cross action against any of Ohmeda's co-defendants. In seeking to amend, Ohmeda offered no reason why a cross-action for contribution could not have been filed prior to trial. Clearly, to have allowed such an amendment would have worked prejudice against the co-defendants who, on the basis of the pleadings, had no reason to prepare to meet affirmative evidence from Ohmeda as to their liability. We hold, therefore, that the trial court did not abuse its discretion in denying appellants' motion to file their cross action for contribution. Appellants' second point of error is overruled.

This holding is also dispositive of point of error number one in which Ohmeda complains that the trial court erred in granting its co-defendants' motion for instructed verdict. This court addressed precisely the same issue in *Nowsco Services Division of Big Three Industries, Inc. v. Lassman*, 686 S.W.2d 197 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), a case in which one defendant sought to appeal the granting of a directed verdict in favor of two co-defendants. The remaining defendant, who had no pleadings for contribution on file against its co-defendants, contested the propriety of the directed verdict on the same grounds urged by Ohmeda, specifically that there was sufficient evidence from which a jury could have found those defendants liable to the plaintiff. There it was first pointed out that contribution from joint tortfeasors in negligence actions is a statutory remedy and, like any other claim, must be supported by sufficient pleadings. *Nowsco Services* at 199. Unless it has its own crossclaim pending, a defendant has no right of contribution from third parties where the injured party's cause of action against such third parties is extinguished by an adverse judgment. *Brown & Root, Inc., v. Rust Engineering*, 679 S.W.2d 576, 578 (Tex.App.—Texarkana 1984, writ ref'd n.r.e.). The Subers' cause of action against Ohmeda's co-defendants was extinguished by the instructed verdict granted by the trial court and Ohmeda had no other cause of action pending against those defendants. Accordingly, Ohmeda, the remaining defendant, had no standing to challenge the judgment in favor of Dr. Slocum, the hospital, UTMB and the State. Appellants' first point of error is overruled.

Points of error three, four and five attack the legal and factual sufficiency of the evidence to support the jury's findings that the anesthesia machine was negligently and defectively designed, that the defend-

ants negligently failed to warn of the hazards associated with use of the machine and that these factors caused the plaintiff's injuries.

In deciding a legal sufficiency or no evidence question, only the evidence and inferences that tend to support the finding shall be considered and all evidence and inferences to the contrary shall be disregarded. *King v. Bauer,* 688 S.W.2d 845, 846 (Tex. 1985). If there is any evidence of probative force to support the finding, the point must be overruled. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex.1981). Factual sufficiency points require the consideration and weighing of all the evidence. The finding must be upheld unless it is determined that the evidence is so weak or the finding so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *In re King's Estate, supra; Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

Plaintiff presented extensive testimony of three experts on the issues of defective product, negligent design, negligent failure to warn and causation, which evidence, standing alone, was easily sufficient to meet the standard of review required by those points. Therefore, all of appellants' no evidence points are overruled.

In addition, the expert testimony corroborated by strong circumstantial evidence and the damaging admissions of appellants' own witnesses and documentation was clearly sufficient to support the jury's findings of negligence, failure to warn, product defect, and causation. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego Co. v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Accordingly, appellants' points of error three, four and five are overruled.

Point of error six contends that the trial court erred in overruling Ohmeda's motion to reform the judgment to provide for the statutory hospital lien. It is also without merit. The Texas Property Code provides that a hospital has a lien on a cause of action or claim of an individual who receives hospital services for injuries caused by an accident which is attributable to another's negligence. Tex.Prop.Code Ann. § 55.002 (Vernon 1984). The right to assert this lien belongs to the hospital which must file written notice before money is paid to one entitled to it because of the injury. Tex.Prop.Code Ann. § 55.005. See *Baylor University Medical Center v. Borders,* 581 S.W.2d 731 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). If the hospital wishes to claim the statutory lien, it may do so. It has not made such a claim here. Whether the judgment provides for the lien is irrelevant to this appeal, and its absence in no way affects the validity of the judgment.

Finally, Ohmeda's claim that the judgment's failure to provide for the lien exposes it to double jeopardy for hospital expenses is unconvincing. The lien to which the hospital is entitled attaches only to the Subers' cause of action for damages, the judgment rendered in that case, or the proceeds of any settlement of that cause of action. If the hospital has any remaining cause of action, it is only against the Subers. Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.