YANOWSKI v. FORT WORTH
TRANSIT CO.

No. 14860.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 19, 1947.

Rehearing Denied Oct. 17, 1947.

Freeman & Wardlaw and M. Hendricks Brown, all of Fort Worth, for appellant.

Cantey, Hanger, McKnight & Johnson, W. D. Smith and W. B. Thompson, all of Fort Worth, for appellee.

## McDONALD, Chief Justice.

This suit was brought by appellant Yanowski to recover damages for injuries suffered in a collision with a bus owned and operated by appellee. Yanowski and the bus were both proceeding south on Houston Street, in the City of Fort Worth, shortly before the collision occurred. The bus was on the west side of the street. Yanowski was walking along the sidewalk on the west side of the street. As Yanowski and the bus reached the intersection of Houston and Tenth Streets, both stopped in obedience to a traffic light signal. The bus stopped at a point about eight or ten feet north of the north curb line of Tenth Street. Yanowski stopped at said curb line. When the signal light turned green, to use the ordinary phaseology, Yanowski started walking south across Tenth Street, and the bus started forward turning in a westerly direction into Tenth Street. As the bus proceeded around the corner it collided with Yanowski. Yanowski contends that the front of the bus struck him, while the appellee contends that Yanowski walked into the side of the bus.

In response to special issues the jury found: (1) The bus driver failed to keep a proper lookout for Yanowski as the bus turned west into Tenth Street, which failure was (2) negligence and (3) a proximate cause of the collision. (4) The failure of the bus driver to give an audible signal as he turned from Houston Street immediately prior to the collision (it being undisputed that he did not give such a signal) was negligence and (5) a proximate cause of the collision. (6) The collision was not an unavoidable accident. (7) Yanowski stepped into the side of the bus as it turned from Houston Street into Tenth Street. (8) The failure of Yanowski to discover the approach of the bus before he came into contact with it (it being undisputed that he did not discover the approach of the bus before the collision) was not negligence on his part. (9) By reason of the negative answer to the eighth issue, the related proximate cause issue was not answered. (10) Yanowski was injured in the collision. (11) He suffered damages in the amount of $3,000.

Both appellant and appellee filed motions for judgment on the verdict. The judgment rendered by the trial court recites the verdict, and refers to the motions for judgment, declaring that plaintiff's motion for judgment was denied and that of defendant granted. The judgment then contains this recital:

"Wherefore, it appearing to the court that the jury found, in answer to Question Seven as above set out, that the plaintiff Yanowski stepped into the side of the defendant's bus as it turned from Houston Street into Tenth Street on the occasion in question, the court is of the opinion and finds from the evidence introduced on the trial of this case, that the plaintiff Yanowski was guilty of contributory negligence in stepping into the side of the defendant's bus as it turned from Houston Street into Tenth Street on the occasion in question, and that such negligence was a proximate cause of the damage sustained by the plaintiff on said occasion."

Judgment was thereupon rendered that plaintiff take nothing by his suit. Plaintiff has appealed.

As may be observed, the verdict was favorable to the plaintiff, appellant here, and judgment should have been rendered in his favor on the verdict, unless the trial court was warranted in making the finding reflected by the above quoted portion of the judgment, and in rendering judgment in favor of defendant on such finding.

Appellee argues that the undisputed evidence shows as a matter of law that appellant was negligent in stepping into the side of the bus. In support of the argument, it cites the following quotation from Vol. 2, Blashfield, Cyclopedia of Automobile Law and Practice, § 1420, page 476: "If a pedestrian steps off the curb and walks into the side of a car, or steps in front of a car

without looking, or runs into it, he is precluded from recovery on the ground that he is negligent as a matter of law."

■ A good many cases can be found, some of which are cited by appellee, in which it has been held, under the facts in such cases, that a pedestrian walking or running into the side of a moving vehicle was negligent as a matter of law. But we are not prepared to accept the proposition that in every case, regardless of the circumstances, a pedestrian must be held guilty of contributory negligence as a matter of law where he walks into the side of a moving vehicle. There is a dispute in the evidence as to whether the bus struck the plaintiff, or whether the plaintiff walked into the side of the bus. The contention that plaintiff was guilty of contributory negligence as a matter of law is based upon the premise that, as found by the jury, he walked into the side of the bus. Under the finding of the jury, the plaintiff might have stepped into the side of the bus at any point from the front to the rear of the bus. As against the contention that the evidence shows contributory negligence as a matter of law, the record ought to be examined in the light most favorable to the plaintiff. He testified that he glanced to the right and to the left just before, and again just after, he stepped off the curb, that he did not see any vehicles approaching, and that he then started south across Tenth Street. He heard no signal or warning from the bus, and did not discover its presence until the collision occurred. He said that he was struck on the left hip, and that he did not suffer any bruises or injuries on the front of his body, or on his face. He testified that he fell, and that the right front wheel of the bus ran over one of his ankles and that the right rear wheel ran over the other ankle. The accident occurred about 5:30 in the afternoon, in daylight. The bus was crowded, and passengers were standing at the front of the bus around the driver. The driver said that he did not see the plaintiff before the collision occurred. As the plaintiff and the bus both were waiting for the signal light to change, the plaintiff was standing at the curb, and the bus was stopped several feet north of the curb, to the rear of plaintiff as he faced south. The logical inference is that when plaintiff looked to the right and to the left (he testified that he did not look to his rear) as he stepped off the curb, the bus was to his rear, and came up behind him as he started across the street and as the bus turned the corner. Under these circumstances, we do not believe that it can properly be said that plaintiff was guilty of contributory negligence as a matter of law in stepping into the side of the bus. There is no claim that plaintiff violated any law or ordinance. He looked to his right and to his left as he started across the street. Although the evidence is conflicting about it, there is testimony to the effect that the bus rapidly turned the corner. The plaintiff is not shown to have acted recklessly or heedlessly, but, on the contrary, is shown to have exercised some care for his own safety. In Texas & N. O. R. Co. v. Blake, Tex. Civ.App., 175 S.W.2d 683, writ refused, it is said that where the evidence shows that the plaintiff exercised some care for his own safety, and the question is one of the sufficiency of the care, a jury issue is presented. The situation before us is very much like that described in Hempel v. Hall, 136 Md. 174, 110 A. 210, 211, 9 A.L.R. 1245. There the street which the plaintiff, a pedestrian, was crossing bore the name of Tenth Street, which was intersected by North Avenue. Before stepping off the sidewalk, the pedestrian looked to the right and to the left. The defendant's automobile turned off North Avenue and into Tenth Street. We quote from that portion of the opinion discussing the question of contributory negligence:

"But appellant insists that appellee was guilty of contributory negligence in failing to look up and down North avenue as well as Tenth street. If she had done so and had seen the automobile, she could not have known it would turn around the corner. Indeed, she would have had the right to assume that it would not make the turn if it be true, as she swore, that no horn was blown.

"Assuming, as we must, appellee's testimony to be true, it cannot be said that her conduct was such as to justify the court in saying as a matter of law she was guilty of contributory negligence. To give such an instruction, the court must be satisfied that

—'The case presents some such feature of recklessness as could leave no opportunity for difference of opinion as to its imprudence in the minds of ordinarily prudent men.'"

Similar holdings are cited in the annotation in 9 A.L.R. 1248.

For other cases where courts have refused to find a pedestrian guilty of contributory negligence as a matter of law, see: Gillette Motor Transport, Inc., v. Lucas, Tex.Civ.App., 138 S.W.2d 887, writ dismissed, correct judgment; Martinez v. Pena, Tex.Civ.App., 139 S.W.2d 337, writ dismissed, correct judgment; Miller v. Rhodius, Tex.Civ.App., 153 S.W.2d 491, writ refused for want of merit; Brooks v. Enriquez, Tex.Civ.App., 172 S.W.2d 794, writ refused for want of merit; Boaz v. White's Auto Stores, 141 Tex. 366, 172 S.W.2d 481. The facts in the cases just cited are different in some respects from the facts in the case before us, but in each of them the chief contention made by the defendant was that there was no good reason why the pedestrian could not have seen the approaching vehicle in time to avoid the collision. In the case before us, if the plaintiff was negligent at all, it must have been in failing to discover the approaching bus before walking into it. No other ground of negligence is suggested by the record.

We now leave the matter of contributory negligence as a matter of law, and consider the other ground upon which appellee seeks to uphold the judgment of the trial court.

Rule 279, Texas Rules of Civil Procedure, provides in part as follows: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment."

The quoted portion of Rule 279 appears to embody the doctrine announced in Wichita Falls & Oklahoma R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, and other cases there cited, including Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084. We shall not attempt to enlarge upon the pronouncements heretofore made, but shall endeavor to apply the rules, as we understand them, to the case now on appeal. As may be observed from the remarks in opinions dealing with this general question, the difficulty lies not so much in the statement of the doctrine as in the application of it to a particular case.

It is plaintiff's contention that the only issue of contributory negligence submitted or requested to be submitted to the jury was that contained in the Eighth Special Issue, inquiring whether the failure of plaintiff to discover the approach of the bus was negligence on his part, and that all other grounds of contributory negligence were waived by the defendant. It is the contention of defendant that the act of plaintiff in stepping into the side of the bus was an act of contributory negligence. To put it another way, defendant argues that the act of stepping into the bus was one of the elements of an independent ground of defense; that this element of the ground of defense was submitted to the jury; that no request was made for submission of the other elements, to wit, negligence and proximate cause, nor any objection made to the charge because of the failure to submit the other elements; and that, therefore, the trial court was authorized to make findings as to the unsubmitted elements of the pleaded ground of defense.

When we look to defendant's pleadings, we find that it is declared, by way of describing the accident, that plaintiff walked into the side of the bus. In the paragraph of the answer in which this declaration is first made, the substance of the allegations is that plaintiff was at fault in failing to keep a proper lookout. In the next succeed-

ing paragraph of the answer, it is averred that plaintiff was negligent in ten particular respects, set off in separate paragraphs numbered (a) to (j) inclusive. Paragraph (e) charges that plaintiff was negligent in stepping into the side of the bus.

 The allegation that plaintiff was negligent in stepping into the side of the bus was no more in legal effect than an allegation that the collision was caused by the contributory negligence of the plaintiff. It was a general, rather than specific, pleading of negligence. It is undisputed that the bus was moving, that plaintiff was walking, and that the two came into collision. The finding of the jury that plaintiff walked into the side of the bus was no more, in effect, than a finding that the side of the bus was the point of contact. The issue was an evidentiary one, and not an ultimate issue constituting one of the elements of an independent ground of defense. The specific acts of negligence charged against plaintiff were failure to keep a lookout, failure to listen, etc. Walking into the side of the bus was not, specifically, the act of negligence, but was the result of one of the specifically pleaded acts of negligence, granting for the moment that plaintiff was negligent. When two moving objects collide, it decides no issue of liability to say that one ran into the other. The manner of the approach of the moving objects toward each other, the point of contact, etc., may have an evidentiary bearing on the ultimate issues of negligence, but do not themselves serve as ultimate issues. So, as we see it, the special issue in question did not present to the jury one of several issues which, taken together, would have made up an independent ground of defense. What the court did was to make a general finding of contributory negligence. It is elementary that a party pleading negligence specifically is limited to the grounds specifically pleaded, even though he also pleads negligence generally. Our opinion is that the rule permitting the court to make findings as to issues not submitted does not apply to a situation like the one now under consideration.

 The only specific issue of contributory negligence submitted to the jury was the failure of plaintiff to discover the approach of the bus. Under Rule 279, all other grounds of contributory negligence were waived.

The rule above discussed is not applicable here for still another reason. The only ground of negligence which could possibly have been charged against the plaintiff, under the evidence, was the failure to discover the approach of the bus, or to keep a proper lookout for it, which amounted substantially to the same thing. The jury found in plaintiff's favor on this issue. Rule 279 does not authorize the trial court to find contrary to the verdict of the jury. This may be done only on motion for judgment notwithstanding the verdict, and then only where there is no conflict in the evidence as to the issue in question.

Appellee has filed no cross-points or assignments complaining of any happening in the court below. It appears that the case has been fully developed, so it is our duty to render the judgment which the trial court should have rendered. Accordingly, the judgment of the trial court is reversed, and judgment is here rendered that plaintiff recover of and from defendant the damages found by the jury.