**J. M. RHODES, Appellant,**

**v.**

**LIBERTY WELDING WORKS, Appellee.**

**No. 6764.**

Court of Civil Appeals of Texas.

Beaumont.

May 20, 1965.

Rehearing Denied June 16, 1965.

Zbranek & Friend, Liberty, for appellant.

McGregor, Sewell, Junell & Riggs, Houston, Thos. A. Wheat, Liberty, for appellee.

STEPHENSON, Justice.

This is a third party action brought by plaintiff, J. M. Rhodes, to recover damages from defendant, Liberty Welding Works, for an injury received by plaintiff while working in the employment of Bertman Drilling Company. Judgment was rendered for defendant based upon answers of the jury to the special issues. The parties will be referred to here as they were in the trial court.

Bertman Drilling Company was engaged in general oilfield drilling work. Defendant was engaged in the installation of certain facilities on the same rig upon which plaintiff was working as an employee of the Bertman Drilling Company. The primary point in dispute was whether defendant constructed the scaffolding from which plaintiff fell.

Plaintiff's first point is that the trial court erred in not granting his motion for new trial based upon jury misconduct. The evidence on the motion for new trial showed that the jury began their deliberation about 9:00 a. m. On the first vote the jury stood 7 to 5 for answering the first question favorably to defendant. After further discussion on the next vote the jury stood 8 to 4, favorably to defendant. Don Brown, the only juror to testify on the motion for new trial, gave this testimony:

"Q. All right. And I will ask you whether or not anything unusual, any unusual event happened regarding Mrs. Gresham's health or nervous condition?

A. She complained of nervousness during the deliberation.

Q. All right, and would you tell the Court what the extent of her complaint was, at its most forceful time?

A. Well, we were getting into a pretty heated discussion and arguments, and she, I believe raised her hands up to her ears and covered her ears and stated that we would have to hurry up and decide this thing in a hurry because she had nervous conditions before, and she didn't think that we ought to argue so much because she was getting excited and thought she might have some kind of a spell or something.

Q. And did you all quiet down the discussion after that?

A. Why sure."

The testimony showed that the jury discussed Mrs. Gresham's condition among themselves and decided that she should sit at the window and not participate, which she did for a while. The jury reported to the judge about 2:00 or 2:30 p. m. that they were deadlocked, and did not mention Mrs. Gresham's condition. The court asked them to retire and deliberate some more. After they retired to continue their deliberation, Mrs. Gresham said she needed some pills to calm herself, so the jury took about an hour and a half recess. After the recess there was no more heated debate and the votes changed fairly quickly until all of the jurors voted favorably to the defendant on the first issue. This testimony by the juror Don Brown, being uncontradicted, established the facts as set out above. The question of law for the trial court and this court to determine was and is, whether or not such facts establish jury misconduct of such a degree that injury probable resulted to plaintiff. The trial court permitted Don Brown to testify, over defendant's objection, that he refrained from arguing further because of Mrs. Gresham's condition, and that her condition partially influenced him in changing his vote. Also, the evidence showed that no juror made the statement during the deliberation, that he was changing his vote because of Mrs. Gresham's condition.

█ The testimony of Don Brown that he was partially influenced by Mrs. Gresham's condition cannot be considered by this court in passing upon the question of jury misconduct. Sproles Motor Freight

Lines v. Long, 140 Tex. 494, 168 S.W.2d 642. It is never permissible for a juror to preserve or destroy his verdict by testifying to the mental processes by which he reached his verdict. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462.

■ This leaves the court with the fact that one juror, by informing the remainder of the jury that she had a nervous condition and might have a spell, persuaded them to argue the issues in a less heated manner and speeded up their decision on the issues. Considering the evidence on the motion for new trial and the record as a whole, we do not find that it reasonably appears that injury probably resulted to the plaintiff. Rule 327, Texas Rules of Civil Procedure.

Plaintiff's next points complain of the court's charge. Plaintiff alleged defendant's employee constructed a part of the scaffolding in an unsafe and negligent manner, and also that defendant constructed a portion of the scaffolding by placing a two inch pipe over one portion of the substructure and placing the other end of the pipe under a beam on the opposite end of the structure which was negligence and a proximate cause of plaintiff's injuries. Plaintiff also plead that defendant was negligent in constructing the scaffolding as above alleged, without welding the pipe in place so that it would not slip which was a proximate cause of plaintiff's injuries. Special Issue No. 1 submitted by the court, over plaintiff's objection, was as follows:

"Do you find from a preponderance of the evidence that Willie Armstrong constructed a portion of the scaffolding from which the plaintiff fell, by placing a two inch pipe over one portion of the substructure, and placing the other end of said pipe under a portion of the substructure on the opposite side thereof?"

Plaintiff requested the following issue:

"Do you find from a preponderance of the evidence that Willie Armstrong used a pipe to support one end of the scaffold which fell with the Plaintiff, J. M. Rhodes?"

This issue was followed by requested issues as to negligence and proximate cause. This series of issues was refused by the court. Plaintiff also requested a series of issues inquiring whether defendant's employee constructed the scaffolding by using a pipe, if he failed to secure the pipe, if he left the scaffolding in such condition, if this was negligence and a proximate cause of plaintiff's injuries. Plaintiff contends the issue submitted was too restrictive, and that he was entitled to have the first series of requested issues submitted because of his general pleading of negligence, and the second set of requested issues because it was an independent ground of recovery which had been plead.

■ If plaintiff had plead that defendant's employee constructed a part of the scaffolding in an unsafe and negligent manner, and nothing more, this would have constituted a general pleading of negligence and plaintiff would have been entitled to all of the issues raised by the evidence. However, in this case, plaintiff went further and plead specifically the manner in which such scaffolding was constructed and how this was negligence. It is elementary that a party pleading negligence specifically is limited to the grounds specifically pleaded, even though he also pleads negligence generally. Yanowski v. Fort Worth Transit Co., Tex.Civ.App., 204 S.W.2d 1001.

■ It is the trial court's duty to submit the controlling issues made by the written pleadings and the evidence. Rule 279, T.R.C.P. But, in doing so he is not required to follow the exact wording of the pleadings. Texas Steel Co. v. Rockholt, Tex.Civ.App., 142 S.W.2d 842. The issue given fairly and substantially submitted the controlling question. In framing issues the trial court is given a sound discretion. It was not abused here. The points are overruled.

Plaintiff complains of the submission of two issues by the trial court, both of which were answered adversely to plaintiff. The first issue inquired as to whether or not the scaffolding was constructed by the Bertman Drilling Company, plaintiff's employer. The second issue complained of was "unavoidable accident". Plaintiff contends there was no evidence and insufficient evidence to support the submission of these issues.

It is unnecessary for this court to consider whether the trial court erroneously submitted these issues because there was no finding of primary negligence on the part of defendant. The errors complained of, if any, were therefore harmless. Brown & Root v. Haddad, 142 Tex. 624, 180 S.W. 2d 339. The points are overruled.

Affirmed.