**Joe W. KNIGHT, Appellant,**

v.

**Steve G. CALOUDAS, Individually and d/b/a Steve's Bar-B-Q, Appellee.**

**No. 14906.**

Court of Civil Appeals of Texas.

Houston.

Dec. 1, 1966.

Rehearing Denied Jan. 5, 1967.

William D. Bonham, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, Pearson Grimes, Houston, for appellee.

COLEMAN, Justice.

This is a "slip and fall" case wherein the trial court granted the defendant's motion for summary judgment.

The plaintiff alleged that he entered the restaurant owned and operated by the de-

fendant to purchase something to eat; that while in the establishment he walked across the floor and in trying to avoid a large brief case sitting in the aisle, he slipped and fell on the floor. He alleged that the floor was exceedingly slippery from having been carelessly and negligently cleaned up by employees of the defendant. He alleged that the defendant, and his agents, servants and employees, "were guilty of negligence at the time and place of the accident here complained of and referred to in the following enumerated particulars, such acts of negligence, each of which was a proximate cause of the accident aforesaid and of the injuries sustained by Plaintiff." The acts of negligence were not further particularized.

In answer to interrogatories served on him, the plaintiff stated that his fall resulted from the fact that the floor of the premises was slippery and that he did not contend that there was a foreign substance on the floor. He stated that he did not contend that there was any reason for his fall other than the fact that the floor was slippery. He stated that there was no obstruction which prevented his seeing the brief case in the aisle and that he saw it prior to the time he fell.

In his motion for summary judgment defendant contended that these answers conclusively show that no act of the defendant or his agents, servants or employees was responsible for the alleged fall.

The defendant filed affidavits supporting the motion for summary judgment. An affidavit by another customer stated that after he saw a man fall to his knees in Steve's Bar-B-Q located on Lamar Street between the hours of 2:00 and 3:00 o'clock May 17, 1963, the date of plaintiff's fall, he looked at the floor around the place where the fall occurred and saw neither water nor anything else on the floor.

One of defendant's employees stated in an affidavit that she witnessed the fall and that the floor was not wet. She further stated that she knew that the floor had not been waxed either on the night before, or during the day of, the accident. She stated that the floor was mopped the night before the accident about closing time and again cleaned with a dry mop at 11:00 o'clock prior to the accident which happened about 2:30 or 3:00 o'clock in the afternoon.

The manager of the restaurant stated in an affidavit that he saw plaintiff when he was getting up from the floor and immediately checked the area. He said that the floor was clean and dry.

The plaintiff filed an affidavit in support of his answer to the motion for summary judgment. In it he stated that after having finished drinking a cup of coffee, he got up from one of the booths and began to leave the premises. He then slipped and fell "as the result of an extraordinarily slippery condition of the floor in the immediate area of my booth." He stated that he was not pushed and did not trip over any object.

He then stated: "The general appearance of the floor at that time and in that immediate area was such that one could not have been aware that it was so slippery as it was; and I personally was not aware that it was so slippery. Moreover, I had no warning whatsoever of this condition of the floor at the time."

In his unsworn answer to the motion for summary judgment plaintiff stated that he did not trip over the brief case and that his view of it was not obstructed. He stated that it was his contention that "the character and/or condition of Defendants' floor on the occasion in question was slippery, i. e., in such condition so as to deny him the frictional support which it should have * * * had Defendants, by and through its personal representatives, not been negligent in their care of it." Plaintiff further stated in this unsworn pleading that his "response to Defendants' interrogatories that a 'foreign substance' did not cause him to slip and fall meant that there was no spoon, plate, banana peel, brief case, or other such patently obvious source of his sudden loss

of balance and consequent injury. In other words, the floor was much more slippery than its appearance to a reasonable and prudent person under the circumstances would indicate."

The trial court, in ruling on a motion for summary judgment, must determine whether or not there are any issues of material fact to be tried. He does not weigh the evidence or determine its credibility in order to resolve disputed issues made by the pleadings. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

When a motion for summary judgment is supported by affidavits, admissions and answers to interrogatories sufficient to establish facts, which, if proven at a trial on the merits, would entitle the movant to an instructed verdict, the opponent must produce opposing evidentiary data which will raise an issue as to a material fact. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

A party pleading negligence specifically is limited to the grounds specifically pleaded, even though he also pleads negligence generally. Rhodes v. Liberty Welding Works, 391 S.W.2d 796 (Tex.Civ.App., Beaumont 1965, ref., n. r. e.); Yanowski v. Fort Worth Transit Co., 204 S.W.2d 1001 (Tex.Civ.App., Ft. Worth 1947, ref., n. r. e.).

While paragraph V of the plaintiff's petition in this case appears to be incomplete, construing it liberally in connection with the facts alleged in paragraph IV, it constitutes a general plea that defendants were guilty of negligence constituting a proximate cause of the accident and injuries sustained by plaintiff. However, plaintiff has also pled one specific ground of negligence, i. e., "The floor was exceedingly slippery from having been carelessly and negligently cleaned up by employees of Defendant acting within the course of their employment for Defendant and in the furtherance of Defendant's business and affairs." Plaintiff is limited to this specific ground of negligence.

Defendant produced, in a proper manner, evidence that the floor where plaintiff slipped was clean and dry, and that no foreign substance on the floor caused plaintiff to slip. Plaintiff's affidavit did not controvert these facts. No jury issue on improper or negligent cleaning remained in the case.

Since this was the only ground for recovery which could have been submitted to a jury under plaintiff's pleading, all other issues of fact raised by this affidavit became immaterial. City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954, 159 A.L. R. 125 (1945); Gunnells Sand Company v. Wilhite, 389 S.W.2d 596 (Tex.Civ.App., Waco 1965, ref., n. r. e.).

Appellant contends that a summary judgment should not have been granted because appellee's exceptions to plaintiff's original petition had not been presented to the trial court. He reasons that he has been deprived of his right to amend in view of the fact that had the exceptions been sustained he would have been entitled to amend the pleading. This Court has held that a summary judgment may be granted where the plaintiff's petition fails to state a cause of action. Snow v. Milner, 364 S.W.2d 726 (Tex.Civ.App., Houston 1963, ref., n. r. e.). See also Brownson v. New, 259 S.W.2d 277 (Tex.Civ.App., San Antonio 1953, writ dism.).

Here, however, the petition stated a cause of action. In effect the defendant waived his exceptions. The burden was on him to negative all grounds of recovery that were presented by the pleadings. This was done.

The judgment of the trial court is affirmed.