**COWDEN CAB COMPANY, Appellant,**

**v.**

**Myrtle L. THOMAS et vir, Appellees.**

**No. 16901.**

Court of Civil Appeals of Texas.

Fort Worth.

March 1, 1968.

Rehearing Denied March 29, 1968.

Fillmore, Robinson, Lambert & Farabee, and Glynn Purtle, Wichita Falls, for appellant.

Charlye O. Farris, Wichita Falls, for appellees.

## OPINION

MASSEY, Chief Justice.

Plaintiff Myrtle Thomas, and her husband, brought suit against Cowden Cab Company, defendant, for personal injuries sustained as a passenger in defendant's taxicab as result of its collision with a concrete abutment.

Based upon a jury verdict, with remittitur because of excess found in hospital and medical expenses, judgment for $2,257.85 was rendered in behalf of plaintiff. Defendant appealed.

Affirmed.

The jury found that defendant's taxicab came in contact with the concrete abutment; defendant's taxicab driver failed to keep a proper lookout for the concrete abutment on the occasion in question, but that such failure was not the proximate cause of plaintiff's damages; plaintiff sustained personal injury as a result of the collision; the amount which would reasonably and fairly compensate plaintiff for past mental pain and suffering as a result of the collision would be $500.00; the amount which would reasonably and fairly compensate plaintiff for hospital and medical expenses already incurred as a result of the collision would be $500.00; the amount which would reasonably and fairly compensate plaintiff for loss of earnings in the past and loss of earning capacity which she will in all reasonable probability suffer in the future as result of injury sustained in the collision would be $1,500.00.

To be noticed from the above is the fact that the jury, by answer to one issue, found that plaintiff sustained personal injury as result of the collision, while in answer to another issue, Special Issue No. 3, it found that the defendant's failure to keep a proper lookout was not the proximate cause of plaintiff's damages.

On motion the trial court disregarded the answer of the jury to Special Issue No. 3, and held that defendant's failure to keep a proper lookout was a proximate cause of the collision. We agree that such was a proximate cause. Actually the question of "proximate cause of the collision" was not a part of the court's charge. In instances where juries have declined to find that neg-

ligent acts or omissions constituted proximate causes of collisions, courts have not hesitated to declare proximate cause existent as a matter of law when such proves to be proper upon application of the tests to be made in the determination of such question. Examples are: Texas Consolidated Theaters v. Mauldin, 152 S.W.2d 930 (San Antonio Civ.App., 1941, writ ref. w. o. m.); St. Louis Southwestern Ry. Co. of Texas v. Harrell, 194 S.W. 971 (Beaumont Civ. App., 1917, reversed as to rendition of judgment, and remanded for new trial because cross-assignments of error sustained, 222 S.W. 221).

In instances of breach of duty in connection with an act, or omission to act, consequences thereof which are "natural and probable consequences", i. e. those which human foresight can foresee since they happen so frequently that they can be expected to happen again, are—in law—"proximately resulting". In such instances the act, or omission to act, would be a proximate cause as a matter of law. 40 Tex.Jur.2d, p. 471, "Negligence", § 19, "(Tests of Proximate Cause)—In general; Natural and probable consequences".

 It is the element of "foreseeability" that is a prime ingredient of a proper definition of the term "proximate cause", and necessity of consideration of such as an ingredient is without application to personal injuries which result from a collision, though it be necessary of consideration as applied to the collision itself. As applied to the circumstances of the instant case the defendant taxicab company might have been entitled to escape liability for the injury to the plaintiff, its passenger, if the fact that a collision might occur was not the "foreseeable" result of any act or omission to act on the part of the taxicab driver,— but since it was "foreseeable" and did amount to a proximate cause of the collision the company would not be entitled to escape liability upon the contention that it could not "foresee" that plaintiff would experience personal injury as result of the collision.

If one be responsible for a collision because of dereliction of duty in his act or omission to act, he is answerable in damages for any and all damage therefrom resulting whether or not they were "foreseeable".

An interesting analysis of "cause", "direct cause", and "proximate cause" is to be found in Commercial Standard Ins. Co. v. Caster, 59 S.W.2d 931 (Waco Civ.App., 1933, reversed, Norton v. Caster, 125 Tex. 48, 81 S.W.2d 487 (1935) ), especially the dissenting opinion beginning on page 936 of the Reporter, the holding of which was approved in the opinion by the Commission of Appeals; and in Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60 (1935).

After the evidence was closed the trial court permitted plaintiff to file a trial amendment. In said amendment, according to defendant, plaintiff "for the first time sought any damages for loss of past earnings and decrease in future earning capacity". Several of defendant's points of error are predicated upon a contention of impropriety in permitting the trial amendment and submission of special issues to the jury.

 Our examination of the state of the pleadings prior to the reception of such trial amendment convinces us that it was not necessary to be filed. All actions complained about were proper in any event under sufficient pleadings in the absence of such amendment. The plaintiff's petition stated as follows: "Plaintiffs would further show the Court and Jury that because of the injuries which she has received and the pain and suffering and the mental anguish to which she has been subjected by reason of the injuries received by her, that she has been damaged in the sum of Fifteen Thousand ($15,000.00) dollars." Subsequently appearing in the prayer for relief was petition "for such other and further relief, special and general, in law and in equity, to which they may show themselves justly entitled." No exceptions were filed to this pleading. Furthermore the evidence, which the defendant company claims was improp-

erly considered, was initially elicited on its cross-examination. By her own counsel plaintiff thereafter elaborated thereon without objection.

■ The trial court did not err in denying the defendant's motion for mistrial and to continue the case to enable it to investigate plaintiff's testimony that she had never filed a Federal Income Tax Return. It appears from the record that the matter only had a collateral relation to the issue of loss of earnings experienced by plaintiff as result of injuries sustained in the collision. Inability to work on account of injury, loss of time and correlative diminishment in earnings was a matter of inquiry at time plaintiff's oral deposition was taken prior to trial.

■ There is evidence to support the special issue submitted to the jury inquiring into the plaintiff's future loss of earning capacity, and the jury finding thereon was not against the great weight and preponderance of the evidence.

■ Under the evidence placed in the record the trial court did not err in refusing to submit special issues inquiring whether the collision in question was the result of an unavoidable accident; nor did it err in refusing the specially requested issues upon defendant's contention that it was confronted with a sudden emergency. Neither question was raised by the evidence.

Appended to the Special Issue in reply to which the jury found plaintiff to have sustained personal injury as the result of the collision, was the following instruction:

"You are instructed that the term 'INJURY' or 'PERSONAL INJURY', as used in this charge, shall be considered to mean damage or harm to the physical structure of the body and such diseases and infections as naturally result therefrom, or the incitement, acceleration or aggravation of any previously existing disease or condition by reason of such damage or harm to the physical structure of the body."

The objection to the definition of "injury" or "personal injury" contends error in that it failed to affirmatively exclude, in assessing damages, any sums of money for loss or damage suffered by plaintiff as a natural and probable result of any other injury, disease or infirmity other than that solely caused by the accident in question, etc.

The special issue to which was appended the definition complained of makes no inquiry as to damages. Obviously the complaint made could only have been related to some other aspect of the charge. This court is not obliged to search elsewhere for an aspect to which the objection would be germane. The point of error has no merit as applied to the portion of the charge to which the complaint was directed.

All points of error are overruled.

Judgment is affirmed.