**CLANAHAN CONSTRUCTION COMPANY et al., Appellants,**

**v.**

**Mark Allen MILLS, Appellee.**

**No. 325.**

Court of Civil Appeals of Texas.

Tyler.

March 14, 1968.

Rehearing Denied April 11, 1968.

Ramey, Brelsford, Flock, Devereux & Hutchins, Donald Carroll and Michael A. Hatchell, Tyler, for appellants.

Norman, Rounsaville, Hassell & Spiers, James H. Rounsaville, Jacksonville, for appellee.

SELLERS, Justice.

Mark Allen Mills brought this suit against Charles Edward Willis and his employer, Clanahan Construction Company, to recover damages for personal injuries received by him when a truck of Clanahan Construction Company, driven by Charles Edward Willis, collided with his car at a controlled intersection on Jackson Street in the town of Jacksonville, Texas, on March 20, 1964. The case was tried to a jury and resulted in a verdict convicting the defendant Willis of four separate acts of negligence which were found to be the proximate cause of the collision, and awarding the plaintiff damages in the sum of $60,000. From this judgment, the defendants have duly prosecuted this appeal to this Court.

This collision occurred at the intersection of Jackson Street with Rusk Street. The intersection is controlled by red lights. U. S. Highway No. 69 follows Jackson Street through the city of Jacksonville where the collision took place. Jackson Street is a 6-lane street—three on either side of the center line. The lane next to the curb on both sides of the street permits parking. Jackson Street runs in a general direction of North and South, and Rusk Street (a 4-lane street) runs in a general direction of East and West. U. S. Highway 79 follows Rusk Street through the intersection where the collision occurred.

Appellants in their Brief assert that there is no evidence to support the jury's finding of negligence and proximate cause, and if any, it is not sufficient to support the judgment of the Court. We over-rule this contention, and after review of the evidence, find same sufficient to sustain each of the four acts of negligence and proximate cause found by the jury; however, we will only discuss one of the acts of negligence found by the jury since it is sufficient to support the judgment of the court. The jury found that the defendant Willis failed to apply the hand brake, or emergency brake, as it is sometimes called, which was the proximate cause of the collision and resulting damage to the appellee Mills. As you go North on Jackson Street from the Rusk Street intersection, you

come first to Commerce Street. Proceeding on North, you come next to Wilson Street, and North of Wilson Street, you come to several railroad tracks crossing Jackson Street; proceeding North you come to Woodrow Street and the next street to the North is Cherokee Street.

The defendant Willis entered Jackson Street somewhere near Cherokee Street, driving a two-ton Chevrolet truck carrying a load of some 13,000 pounds. As he approached the railroad tracks, his speed was some 25 miles per hour, and he discovered his hydraulic brakes would not work. He was asked why he did not turn his truck down the railroad tracks and his reply was: "I don't know. Why turn it down the railroad track if there is nothing in front of me?" He testified that he cut off the engine because he was scared of fire if anything happened. Although his truck was equipped with an emergency brake which was working, he never at any time applied this brake. When asked why, he said he was scared and was blowing his horn. When he arrived at the first street North of Rusk Street, he could see the red light in front of him at Rusk Street. He could see each lane of traffic on his side of the street was blocked by cars waiting for the red light to turn green. Willis then pulled his truck across the center line over into the northbound traffic lane and proceeded on into the red light on Rusk Street, striking Mills' car in the side and carrying it some 200 feet down Jackson Street where the Mills car turned over and Willis' truck landed on top of the Mills car. Mills' car was crossing on a green light at about 15 miles per hour at the time it was struck, and Mills never did see or hear the horn of the truck before it struck him. It will be noticed that Willis at no time after he discovered his hydraulic brakes were not working did he apply his emergency brake. Two witnesses testified about the emergency brake being able to stop the loaded truck, and without setting out their evidence, they both agreed that the application of the emergency brake would have slowed the truck down and if it had been applied and slowed the truck down and prevented the arrival at the scene of the collision two seconds, the collision would not have occurred. Whatever effect the application of the emergency brake might have had on the truck, the only excuse Willis gave for not applying the same was the fact that he was scared or was blowing his horn.

It is the law in Texas that a failure to apply the brakes under these circumstances is negligence and supports the jury's finding of proximate cause of the collision. 7 T.J. 2d 435, Section 101; Presswood v. Jones, Tex.Civ.App., 381 S.W.2d 485; Shelby Biscuit Company v. Robbins, Tex.Civ.App., 417 S.W.2d 645. The last case cited is one in which the driver of the vehicle had no hydraulic brake and failed to apply his emergency brake just as in the case under consideration. The jury found negligence and proximate cause and this judgment was sustained by the Supreme Court.

■ Appellants in their Brief complain of the court's action in permitting the appellee to file a trial amendment with reference to future earning capacity. The appellants objected and asked the court to grant them a continuance because of surprise. This is a general injury case where the injuries are specifically set out and damages alleged in the sum of $125,000. No objections or exceptions were made to the petition of appellee by appellants. It is our opinion that future earning capacity evidence was admissible in such a case without further pleadings. City of Greenville v. Branch, Tex.Civ.App., 152 S.W. 478.

■ Trial amendments are authorized by Rule 66, Texas Rules of Civil Procedure, are liberally construed, and usually left to the trial court's judgment. Texas Power & Light Co. v. Holder, Tex.Civ.App., 385 S.W.2d 873; Allison v. Simmons, 306 S.W.2d 206; Commerce Realty Co. v. McElvey, 250 S.W.2d 931.

■ Appellants assigned error to the action of the trial court in admitting ap-

pellee's income tax return for the last year of his full time employment, some ten years earlier for the reason that it was remote. This evidence in our opinion was admissible for the purpose of aiding the jury in passing upon the appellee's reduced earning capacity. The remoteness goes to the weight of the evidence rather than its admissibility. Grocers Supply Co., Inc. et al v. Stuckey, Tex.Civ.App., 152 S.W.2d 911.

Finding no error in the record, the judgment of the trial court is affirmed.