**WEINGARTENS, INC., Appellant,**

**v.**

**James PRICE et ux., Appellee.**

**No. 407.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 25, 1970.

Rehearing Denied Dec. 16, 1970.

Kenneth Tekell, Pomeroy & Tekell, Houston, for appellant.

Jack J. Turk, Turk & Farmer, Houston, for appellee.

SAM D. JOHNSON, Justice.

Suit for personal injuries alleged to be in the sum of $17,500 brought by Rosie Price, joined by her husband, James Price, against Weingarten's, Inc. Based on answers to special issues found by the jury judgment was entered for the plaintiffs in the sum of $5,000. Appellant Weingartens duly effects appeal to this Court.

In their petition plaintiffs alleged that Mrs. Price had gone to the Weingartens supermarket to purchase groceries; that while shopping inside the store she tripped and fell over the end of an unattended dolly which was protruding into the aisle way; and that Weingartens had negligently left the dolly in the aisle was proximately causing the injuries made the basis of the suit. The petition then continued as follows:

"* * * As a result of such negligence, your Plaintiff, Rosie Price, has been damaged in the just and reasonable sum of SEVENTEEN THOUSAND FIVE HUNDRED DOLLARS ($17,-500.00) for which sum your Plaintiff, James Price here now sues in her behalf; such damages to your Plaintiffs, consisting of damages for reasonable and necessary medical expenses incurred and to be incurred in the future, past and future physical pain and mental anguish, and loss of services as a wife.

"WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff James Price have judgment against the Defendant in the just and reasonable sum of SEVENTEEN THOUSAND FIVE HUNDRED DOLLARS ($17,500.00), as to and for inju-

ries sustained by his wife, Rosie Price; that they have interest on the judgments at the legal rate; that they have all costs of Court herein expended, and that they have such other and further relief, both general and special, at law and in equity, to which they may show themselves to be justly entitled, and in duty bound will ever pray."

In the trial before the jury Mrs. Price testified that prior to her fall she had taken in sewing. She was then asked how much income per month she made from such sewing. Specific objection was then interposed by counsel for the defendant because loss of income had not been pled by the plaintiffs. The court overruled the objection and the witness proceeded to testify that she earned $20 to $25 per month before the accident and that after the accident she had been unable to earn anything.

The court's charge to the jury contained a single damage issue consisting of six elements. The third and fourth of these were as follows:

"c. Loss of earnings in the past.

"d. Loss of earning capacity which, in reasonable probability, she will sustain in the future."

Specific objection was made by the defendant to the inclusion of these two elements in the court's charge for the reason that loss of income and loss of earning capacity had not been pled. This objection was likewise overruled. The above two elements were included in the damage issue submitted to the jury, and the jury's finding in answer to such issue ($5,000) therefore included consideration of loss of earnings and loss of earning capacity in the future.

■ Appellant here presents only two points of error. These points are directed to the admission of testimony and the inclusion in the damage issue of the elements of loss of earnings and loss of earning ca-

pacity. Weingartens, the appellant, contends here, as it did in the trial court, that there were no pleadings to support the admission of the testimony or the submission of these elements in the damage issue. Appellants contend that the trial court therefore erred and pray that the cause be reversed and remanded. We conclude that appellant's points of error must be sustained.

In response appellee contends that her quoted pleadings are sufficient to encompass damages for loss of earnings and loss of earning capacity in the future. Appellee relies upon two cases, Clanahan Construction Company v. Mills, 426 S.W.2d 265 (Tex.Civ.App., writ ref., n.r.e.); and Cowden Cab Company v. Thomas, 425 S. W.2d 886 (Tex.Civ.App., writ ref., n.r.e.). Clanahan, supra, was a general injury case where in the words of the appellate court, "the injuries are specifically set out" and damages were alleged in a particular sum. The court's opinion stated that evidence of future earning capacity was admissible without further pleadings, though it is to be noted that the trial court had permitted a trial amendment which encompassed future earning capacity. It is also to be noted that the court's opinion does not quote or shed light upon the injuries which were said to be "specifically set out."

In the second case, Cowden Cab Company, supra, plaintiffs' petition alleged damages in a specific sum for pain and suffering and mental anguish as a consequence of injuries, together with a prayer "for such other relief, special or general * * *." The appellate court's opinion held that such pleading was sufficient to encompass damages for past earnings and decrease in future earning capacity. It is to be noted that the trial court in the Cowden case, had, however, after the evidence was closed, permitted a trial amendment which encompassed damages for loss of past earnings, and decrease in future earning capacity. The appellate court's opinion stated that the trial amendment was not

necessary and that the pleadings were sufficient without it. The court noted, however, that the complained of evidence was elicited by the defendant (the complaining party on appeal) on cross-examination and that no objection was urged upon further elaboration by plaintiff's own counsel later in the trial.

At the outset in the case at bar it is to be noted that no special exception to the plaintiff's quoted pleading was made by the defendant. It is also to be noted that the plaintiffs made no request at any time for permission to file a trial amendment and none was made. Lastly, we believe it quite clear from the record that the questioned areas of loss of earnings and loss of earning capacity were not tried by consent. See Matthews v. General Accident Fire & Life Assur. Corp., 161 Tex. 622, 343 S.W.2d 251 (1961).

Plaintiff's quoted pleading clearly shows that Mrs. Price alleged her damages to be in the sum of $17,500, "*consisting of* damages for reasonable and necessary medical expenses incurred and to be incurred in the future, past and future physical pain and mental anguish, and loss of services as a wife." (Emphasis supplied). An examination of this vital portion of plaintiff's petition makes it quite clear that there is no general allegation of damages. Plaintiff's petition contains no general allegation of permanent injuries which might permit the admission of particular injuries naturally and proximately resulting therefrom. Dallas Railway & Terminal Co. v. Garrison, 30 S.W.2d 1108, (Tex.Civ.App.) rev'd on other grounds, 45 S.W.2d 183 (Tex.Com. App.). The sum of damages are stated "consisting of" three named elements. Plaintiffs then enumerate and particularize these three elements which are (1) past and future medical expenses, (2) past and future physical pain and mental anguish, and (3) loss of services as a wife.

█ We believe it to be a rule of general application that if a plaintiff makes a general allegation of damages it will suffice as a basis for proof of those damages which naturally and necessarily result therefrom, for the law implies such damages. But if, as here, plaintiffs choose to particularize the injuries arising from a harm or hurt all that it intended to be proven must be alleged. Southern Pac. Co. v. Martin, 98 Tex. 322, 83 S.W. 675 (1904); Missouri, K. & T. Ry. Co. of Texas v. Doyal, 142 S.W. 610 (Tex.Civ.App., no writ hist.). Such rule is closely akin to that applicable in negligence cases which provides that where negligence is pled specifically the plaintiff is limited to the grounds specifically pleaded, even though negligence is pled generally. Knight v. Caloudas, 409 S.W.2d 904 (Tex.Civ.App., no writ hist.); Rhodes v. Liberty Welding Works, 391 S.W.2d 796 (Tex.Civ.App., writ ref., n.r.e.); Yanowski v. Ft. Worth Transit Co., 204 S.W.2d 1001 (Tex.Civ. App., writ ref., n.r.e.).

In Smelcher v. Ingram, 294 S.W.2d 180 (Tex.Civ.App., writ ref., n.r.e.), plaintiff's pleadings were silent with respect to loss of earnings and objection was made to testimony relative thereto. The objection was overruled, the testimony was received and such element was included in the damage issue submitted to the jury. The appellate court reversed holding that loss of earnings had no support in plaintiff's pleadings. In Dallas Railway & Terminal Co. v. Van Gilder, 301 S.W.2d 724 (Tex.Civ.App., writ ref., n.r.e.), plaintiff's pleading did not allege future pain and suffering and the court held that it was error to include these elements in the damage issue. Beaumont City Lines v. Mahoney, 143 S.W.2d 982 (Tex.Civ.App., dismd. agr.), involved personal injuries to a housewife and she and her husband brought suit for damages. Their pleadings contained no allegation relative to loss of capacity to do housework. The court held that a damage issue which permitted the jury to award damages for inability of the housewife to perform her household duties was not supported by the pleadings and reversible er-

ror. Beaumont City Lines, Inc. v. Williams, 221 S.W.2d 560 (Tex.Civ.App., writ ref., n.r.e.), was an instance where a husband brought suit for personal injuries sustained by his wife who had performed all of her household duties before the accident but was unable to do so afterward. The court there drew the distinction between loss of earnings and loss of earning capacity stating that " * * * a party may not sue for the loss of one and recovery for the loss of the other. * * *" (At p. 563).

■ These cases are speaking of items of "special damage" and emphasizing that in most instances such damages must be specifically pled. Loss of earnings and loss of earning capacity are items of "special damages." McCormick, Damages, p. 37; Texas & P. Ry. Co. v. Bowlin, 32 S. W. 918 (Tex.Civ.App., err. ref.); Missouri, K. & T. Ry. Co. of Texas v. Johnson, 37 S.W. 771 (Tex.Civ.App., no writ hist.); St. Louis Southwestern Ry. Co. of Texas v. Niblack, 53 Tex.Civ.App. 619, 117 S.W. 188, err. ref., and are not implied from the itemization of other dissimilar "special damages."

Loss of earnings and loss of earning capacity are without support in the petition of the plaintiff. Appellant's points of error are sustained. The judgment of the trial court is reversed and remanded.