Michael **ORTALE**, Appellant,

v.

The **CITY OF ROWLETT**, Appellee.

No. 05–84–00750–CV

Court of Appeals of Texas, Dallas.

July 24, 1985.

Rehearing Denied Aug. 21, 1985.

Michael A. Robertson, Tony D. Crabtree, Grand Prairie, for appellant.

Larry Hayes, Dallas, for appellee.

AKIN, Justice.

Michael Ortale appeals a judgment on a jury verdict in his favor against the City of Rowlett, contending that the trial court erred in refusing to allow him to file a trial amendment specifying future medical expenses and physical impairment. We agree with this contention and hold that the trial

judge abused his discretion in denying Ortale leave to file his trial amendment. Accordingly, we reverse the judgment of the trial court.

There is little factual dispute in the record. Ortale and his wife were riding a motorcycle together on Princeton Road in the City of Rowlett and encountered an open ditch across the road, opened by the City. Both Ortale and his wife suffered personal injuries and sued the City claiming negligence on the City's part which was the proximate cause of their injuries. Ortale pleaded his damages specifically as: (1) past medical expense; (2) past and future mental anguish and pain; and (3) future loss of earning capacity, plus a general prayer for relief. At trial Ortale and his witnesses were permitted, over the City's consistent objections, to testify to additional special damages (future medical expenses and physical impairment) and the jury found these special damages, along with other findings under the charge of the court. On the City's motion, the court disregarded the findings of the jury as to these unpleaded special damages and entered judgment for Ortale on the remainder of the findings.

■ Ortale contends on appeal that the trial court erred in refusing to allow him to file a trial amendment encompassing future medical expenses and physical impairment. We agree. The rule in Texas concerning trial amendments is stated in TEX. R.CIV.P. 66:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended *and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him* in maintaining his action or defense upon the merits. The court may grant a post-

ponement to enable the objecting party to meet such evidence. [emphasis added] Rule 66 clearly places the burden of proving prejudice upon the party objecting to the trial amendment.

It is incumbent upon the objecting party to state in his objection grounds for his claim of prejudice and surprise. The supreme court has stated that a trial court should allow amendments "if to do so will subserve the merits of the action *and the other party fails to satisfy the court that the amendment will prejudice him* in maintaining his action or defense on the merits." *Vermillion v. Haynes,* 147 Tex. 359, 215 S.W.2d 605, 609 (1948) (emphasis added); *Chambless v. Barry Robinson Farm Supply,* 667 S.W.2d 598, 601 (Tex. App.—Dallas 1984, no writ). *See also Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex. 1980) (Campbell, J., concurring) (absent showing of surprise, trial court has no discretion whether to grant leave to file trial amendments) *Williams v. Back,* 624 S.W.2d 272, 274 (Tex.App.—Austin 1981, no writ) (leave to file trial amendments shall be granted freely unless party resisting amendments makes showing of surprise or prejudice). *Accord Fenno v. Jacobe,* 657 S.W.2d 844, 848 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Shook v. Republic National Bank of Dallas,* 627 S.W.2d 741, 750 (Tex.App.—Tyler 1981), *rev'd on other grounds,* 653 S.W.2d 278 (Tex.1983).

Furthermore, the supreme court held in *Vermillion v. Haynes* that the trial judge's refusal to permit an amendment conforming the pleadings to the jury's verdict was an abuse of discretion. 215 S.W.2d at 609. Post-verdict trial amendments have been allowed to make the pleadings conform to the verdict in various situations. *See Santa Rosa Medical Center v. Robinson,* 560 S.W.2d 751 (Tex.Civ.App.—San Antonio 1977, no writ); *American Produce & Vegetable Co. v. Campisi's Italian Restaurant,* 533 S.W.2d 380 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Tom's Toasted Peanuts, Inc. v. Doucette,* 469 S.W.2d 399 (Tex.Civ. App.—Beaumont 1971, writ ref'd n.r.e.);

**642**

*Shaw v. Tyler Bank & Trust Co.*, 285 S.W.2d 782 (Tex.Civ.App.—Texarkana 1956, writ ref'd n.r.e.).

 Although the City objected to the proposed trial amendment, the record does not show that the City would have been prejuduced or surprised had the trial court allowed the amendment. To the contrary, the record is replete with evidence that the City was well aware that future medical expenses and physical impairment were elements of Ortale's damages. The City deposed one of Ortale's medical witnesses prior to trial who testified concerning these matters. Further, the City presented to the jury an expert witness who testified about future medical matters, and before trial Ortale presented to the City his proposed special issues, which included issues on future medical expenses and physical impairment. We note also that Ortale's prayer for damages in his petition is a general prayer and that his proposed trial amendment did not seek to increase the amount of damages sought, but only to specify the type of damages to be included in the original total pleaded.

A different question would be presented if the City, in objecting to the trial amendment, had shown that its pretrial preparation, including depositions and discovery, was made in reliance on the specific allegations of injury in the trial petition and that it had omitted to pursue lines of investigation that it otherwise would have made. Since the City had the burden to show surprise, we cannot assume a surprise that it did not specifically assert.

We hold that Ortale was entitled to file a trial amendment under rule 66 not only because the City failed to show surprise, but also because the City was not *in fact* surprised. Accordingly, we hold that the trial court abused its discretion in refusing the trial amendment. The trial court's judgment is reversed and remanded with instructions to the trial court to allow the pleadings to be conformed to the issues submitted to the jury, after which judgment shall be rendered for Ortale on the jury's verdict.

GUITTARD, C.J., and STEPHENS, SPARLING, VANCE, GUILLOT and MALONEY, JJ., join in the majority opinion.

CARVER, J., dissenting.

ALLEN, WHITHAM, DEVANY and McCLUNG, JJ., join in the dissenting opinion.

HOWELL, J., dissenting in part and concurring in part.

CARVER, Justice, dissenting.

I must respectfully dissent since the majority opinion endorses "trial by ambush" in holding that unpled special damages (future medical expenses and future physical impairment) requiring expert rebuttal testimony may be pled by trial amendment. Here follows the body of the original panel's holdings as to Ortale's assignments of error, which I adopt.

Ortale first argues that his general prayer was a sufficient pleading to support the admission of evidence and the submission of issues, and to entitle him to judgment. Ortale relies upon *Adams v. Morris*, 584 S.W.2d 712 (Tex.Civ.App.—Tyler 1979, no writ); *Clanahan Construction Co. v. Mills*, 426 S.W.2d 265 (Tex.Civ.App.—Tyler 1968, writ·ref'd n.r.e.); and *Cowden Cab Co. v. Thomas*, 425 S.W.2d 886 (Tex.Civ. App.—Fort Worth, 1968, writ ref'd n.r.e.). Upon examination, however, each of these cases support a different proposition than is being urged by Ortale. *Adams* holds that a "disfigurement" claim was supported by pleadings which stated: "When all of the casts were finally removed, she had a *shortening of the right leg*" (emphasis added). 584 S.W.2d at 719. *Clanahan* holds that a trial amendment allowing a claim for future earnings was not a "surprise" to the defense because "[t]his is a general injury case where the injuries are specifically set out and damages alleged in the sum of $125,000." 426 S.W.2d at 267. *Cowden* holds that a trial amendment allowing a claim for lost past and future earnings was correct but unnecessary because the injuries were detailed, general

damages of $15,000 were sought, plus general relief, and no exceptions were filed to this pleading. 425 S.W.2d at 888–89.

None of the cases relied upon contemplate that fair notice pleadings permit a party to elect to plead some items of special damages (rather than general damages) and then claim that fair notice of additional special damages claims had, somehow, been given. The controlling precedent in our case appears to be *Weingartens, Inc. v. Price*, 461 S.W.2d 260 (Tex. Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.), which holds:

> We believe it to be a rule of general application that if a plaintiff makes a general allegation of damages it will suffice as a basis for proof of those damages which naturally and necessarily result therefrom, for the law implies such damages. But if, as here, plaintiffs choose to particularize the injuries arising from a harm or hurt all that it intended to be proven must be alleged. *Southern Pacific Co. v. Martin*, 98 Tex. 322, 83 S.W. 675 (1904); *Missouri, Kansas & Texas Railway Co. v. Doyal*, 142 S.W. 610 (Tex.Civ.App.—Austin 1911, no writ). Such rule is closely akin to that applicable in negligence cases which provides that where negligence is pled specifically the plaintiff is limited to the grounds specifically pleaded, even though negligence is pled generally. *Knight v. Caloudas*, 409 S.W.2d 904 (Tex.Civ.App.— Houston 1966, no writ); *Rhodes v. Liberty Welding Works*, 391 S.W.2d 796 (Tex. Civ.App.—Beaumont 1965, writ ref'd n.r. e.); *Yanowski v. Fort Worth Transit Co.*, 204 S.W.2d 1001 (Tex.Civ.App.— Fort Worth 1947, writ ref'd n.r.e.).

461 S.W.2d at 263. *Weingartens* also examines and finds inapplicable *Clanahan* and *Cowden*. I would hold that when Ortale elected to specifically plead some one or more special damages, but omitted others, fair notice was not given to the City that Ortale would seek the omitted special damages. Absent fair notice to his opponent in the case, Ortale should not now claim, unfairly, unpled special damages.

Ortale also complains that, when the City failed to except to his pleadings, they waived the right to exclude unpled damages. I cannot agree. The office of exceptions does not include complaining of the lawful election Ortale possessed to plead, or not plead, his special damages. Ortale cites *Roark v. Allen*, 633 S.W.2d 804 (Tex. 1982), in support of his proposition, but *Roark* addresses the elements of a cause of action which may be inferred from stated facts. *Roark* does not conflict with *Weingartens*, since one addresses causes of action and the other addresses special damages. The elements of a cause of action must be present while elements of special damages may be, but are not necessarily, present. I would hold that the City was entitled to prepare for trial of the special damages claimed by Ortale without first asking through an exception, "Is that really all?"

Ortale additionally complains that the City, by failing to object to the special issues, either tried the additional special damages by consent or waived its earlier objections to the testimony thereon. I cannot agree. The City, in addition to clear, specific, and consistent objections to testimony as to the unpled special damages, objected to the special issues submitting the same "on the grounds there is no pleading to support the submission of the damage issues; that has never been pled in this case." This objection is substantially identical with the objection approved in *Weingartens*. I would hold that the City, by its objections to the testimony and to the charge, did not consent to try these unpled special damages or waive their right to have the jury's findings thereon disregarded.

Lastly, Ortale complains that the trial court should have granted his trial amendment to overcome his prior failure to plead these special damages and to overcome the objections of the City to the testimony and charge. Ortale concedes that for the trial court to allow the amendment no prejudice to the City must be shown. TEX.R.CIV.P. 66. Ortale argues that since the *possibili-*

*ty* of such special damage was consistent with the nature of the injuries and was actually speculated upon during discovery, the City could not be surprised. I immediately note that Ortale, having the same possibility in mind, was faced with an election as to whether he would give fair notice thereof by pleading the same. If the possibility was too faint or remote for Ortale to elect to plead it, I would hold that the possibility was too faint or remote to constitute fair notice to the City. *See Fry v. Guillote,* 577 S.W.2d 346, 348 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).

I would affirm the judgment of the trial court, and for the reasons set forth above, I respectfully dissent.

ALLEN, WHITHAM, DEVANY and McCLUNG, JJ., join in the dissenting opinion.

HOWELL, Justice, concurring in part and dissenting in part.

I concur in part and dissent in part.

This is a classic example of a shirt-tail pleading hurriedly drawn in order to rush a lawsuit to court, which pleading the plaintiffs never found the opportunity to

amend.[1] On the other hand, the defendant never found the opportunity to request a hearing in which it could have urged its exceptions. Neither party is to be congratulated on diligence in the preparation of his case. However, our obligation is to do substantial justice even in those cases where the level of preparation is below par.

Defendant was put on notice that plaintiffs had sustained "severe injuries" requiring "medical treatment" causing them to suffer "severe pain and mental anguish" in the past plus probable "pain and mental anguish" in the future. Defendant did not press its special exceptions and did not obtain an order requiring plaintiffs to advise it of the nature of these "severe injuries." Perhaps it considered that it had obtained sufficient information through discovery. Perhaps it was afflicted with the universal problem of lack of sufficient time to adequately prepare. Plaintiffs were obviously suffering from the same affliction.

I would hold that the original pleading of "severe injuries" causing medical expense and pain was sufficient, in the absence of a special exception, to support the verdict for all injuries found by the jury.

1. Plaintiffs' original petition, being considerably shorter than the opinions discussing it, reads as follows:

[Here omitting caption, opening address and description of parties]

II.

On or about the 28th day of November, 1982, Plaintiffs were traveling on Princeton Road approaching the GTE Building when they suddenly and without warning were caused to collide with an excavation created by the Water Department of the City [of?] Rowlett. Defendant had excavated a ditch across the roadway for the purpose of repairing a water line and had failed to place barricades to prevent traffic from colliding with the excavation. No warning signs of any kind were placed on the roadway to warn approaching traffic and Plaintiffs were not aware of the excavation prior to their vehicle colliding with it.

III.

Defendants were guilty of acts of omission and commission each of which constituted negligence and was a direct and proximate cause of the injuries suffered by Plaintiffs.

IV.

Both Plaintiffs suffered severe injuries to their body which required medical treatment all of which was necessary for treatment of their injuries. Plaintiff [*Quaere:* Plaintiffs?] incurred medical expenses all of which were reasonable charges for similar care and treatment in Dallas County, Texas. Plaintiffs have suffered severe pain and mental anguish in the past and in all probability will suffer pain and mental anguish in the future. Plaintiff, MICHAEL ORTALE, has suffered a loss of earning capacity in the past and future. Plaintiffs are entitled to recover $250,000.00 for their damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and that upon the trial of this case that they recover all of their damages and for such other and further relief, both general and special, either at law or in equity, to which they may show themselves justly entitled.

[Signature omitted.]

On the other hand, the pleading of medical expenses is entirely in the past tense. Defendant had no notice whatever of any claim for future medical expense. The verdict for future medical expense is unsupported by the petition and, at least insofar as future medical expense is concerned, the record fails to show a clear abuse of discretion on the trial court's behalf in refusing the proposed trial amendment. Recovery thereof should be denied.

I concur that judgment disallowing recovery upon the verdict for "physical impairment in the past" and for "physical impairment he will probably suffer in the future" should be reversed. I would reform the trial court judgment to include the amounts found by the jury for impairment and would render. I dissent from an award of future medical expense.