**John Calvin PATTON, Appellant,**

**v.**

**Louva Jo CHAPMOND et vir, Appellees.**

**No. 17174.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 19, 1971.

Rehearing Denied March 19, 1971.

tuted negligence. For that reason special issue questions related to her stop, etc., were properly refused by the trial court. Presence or absence of a "yield" traffic sign would be immaterial.

Kelly, Walker & Liles, and Jearl Walker, Fort Worth, for appellant.

McEntire & Murad, and Jerry Murad, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

This is a "rear end" collision case. Plaintiff Louva Jo Chapmond recovered a judgment against defendant John Calvin Patton and he appealed.

Affirmed.

■ On oral presentation the attorney for the defendant agreed that there was no question of his client's negligence, though there was contention that it was "excusable" under the theory that he was confronted with a situation of "sudden emergency". He contended, however, that there was a question relative to the plaintiff's contributory negligence in respects relative to which the trial court had denied requested issues.

The defendant's specially requested issues were properly denied. Whether plaintiff might have been required to stop where she did on the entrance ramp to the "expressway" (at which point her automobile was struck in the rear by that of the defendant) was immaterial. We hold, as a matter of law, that the stop made by her—on the entrance ramp to an expressway immediately prior to entering the same, at a point where there was no acceleration lane but where there was necessity to merge with moving traffic (indisputably shown to be present) immediately upon leaving the ramp—could not have consti-

■ The trial court also properly denied defendant's specially requested issues related to the question of whether he was confronted with a "sudden emergency". The imminence of the collision apparent to the defendant (immediately prior to the time his vehicle struck that of the plaintiff, which was the "emergency" with which he found himself confronted) was brought about in whole or in part by his own negligence. This is apparent in the evidence and in the findings of the jury. Therefore the defendant is not entitled to invoke the doctrine in his behalf. See the opinion of this writer setting forth the authorities on the question and expressing his understanding of the law relative to applicability of the "sudden emergency doctrine". Higginbotham v. Ritchie, 367 S.W.2d 210 (Fort Forth, Tex.Civ.App., 1963, no writ hist.).

■ Plaintiff has presented a cross-point of error by which she asserts that the defendant's appeal was taken for delay only. She seeks to have this Court impose upon the defendant the penalty provided by law to such appeals. T.R.C.P. 438, "Affirmance With Damages for Delay". We overrule the contention. Discussion to follow relates to forms of special issue submission on the question of personal injury damages. The defendant was reasonably justified in taking this appeal, there having been—from his standpoint—sufficient cause to take such action in view of his contention that there was improper wording of the damage issue.

In 1969 the State Bar of Texas, through a committee appointed for the purpose, caused to be published, as part of its Continuing Legal Education Program, Volume I of Texas Pattern Jury Charges. There-

in PJC 11.03 "Personal Injury Damages —General Form" and PJC 11.04 "Personal Injury Damages—General Form (Alternative)" sets forth suggested forms for submission of special issues.

The Bar Committee considered that in the ordinary case the suggested special issues would provide proper support for judgments in personal injury cases as applied to amounts to be awarded as damages and would constitute proper inquiry to that end. In the instant case the trial court substantially followed the suggested form PJC 11.04 in making the damages inquiry. There was nothing extraordinary about the case and it was what might be called a "run of the mill" damage suit. The court added to the form of PJC 11.04 the word "proximately" in the special issue inquiry amout personal injury damages resultant because of injuries found to have been sustained by the plaintiff as result of the collision.

We copy Special Issues No. 11 and No. 12 with answers returned thereto by the jury.

"SPECIAL ISSUE NO. 11

"Do you find from a preponderance of the evidence that on the occasion of the occurrence here involved that Louva Jo Chapmond sustained any personal injuries as a result of said collision?

"Answer 'Yes' or 'No'.

"ANSWER: Yes

"SPECIAL ISSUE NO. 12

"If you have answered Special Issue No. 11 above, 'Yes', and only in that event, then answer this question:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff, Louva Jo Chapmond, for her injuries, if any, which you find from a preponderance of the evidence proximately resulted from the occurrence in question?

"(1) Do not include any amount for any of the elements of damages listed below which could have been avoided by following medical advice, if medical advice was not followed, when under the same or similar circumstances a person of ordinary prudence in the exercise of ordinary care would have complied with such advice, if any, in her own interest.

"Answer separately in dollars and cents, if any, with respect to each of the following elements:

"(a) Physical pain in the past.

"Answer in dollars and cents, if any, or 'none'.

"ANSWER: $2,000.00

"(b) Physical pain which, in reasonable probability, she will suffer in the future.

"Answer in dollars and cents, if any, or 'none'.

"ANSWER: $1,900.00

"(c) Loss of earning capacity in the past.

"Answer in dollars and cents, if any, or 'none'.

"ANSWER: None".

■ Complaint is made by the defendant relative to the insertion of the instruction labeled (1), reading: "Do not include any amount for any of the elements of damages * * *", between the primary question of Special Issue No. 12 and the lines on which the jury was to make answers to the various elements later appearing. The defendant is of the opinion that even if the issue might not have been misleading and confusing to the jury were the instruction not there inserted its presence thereat made it so and therefore amounted to reversible error. T.R.C.P.

434, "If Judgment Reversed". The claim is that it was error which was reasonably calculated to cause and probably did cause rendition of an improper verdict and judgment, and was such as probably prevented the defendant's proper presentation of his case to the appellate courts. We disagree. The inserted language is beneficial, not detrimental, to defendant's defense theory. It is neither misleading nor confusing. We overrule the complaint.

■ A point of error is advanced contending that the form of Special Issue No. 12 as related to its inquiry relative to "Physical pain in the past" amounted to a comment on the evidence or weight thereof in that it assumed that the plaintiff had experienced such pain, such constituting a controverted issue. Basically, the complaint is that the term "if any" should have been appended to the inquiry.

A point of error is advanced contending that the form of Special Issue No. 12 as related to its inquiry relative to "Physical pain which in reasonable probability, she will suffer in the future" amounted to a comment on the evidence or weight thereof in that it assumed that the plaintiff would experience such pain, such constituting a controverted issue. Basically the complaint is that the term "if any" should have been appended to the inquiry.

We readily overrule defendant's complaint relative to the inquiry of the issue upon "Physical pain in the past". Without doubt there had been such and had the term "if any" been appended it would in this case have been superfluous language merely.

■ As applied to defendant's complaint relative to the inquiry of the issue upon "Physical pain which, in reasonable probability, she (plaintiff) will suffer in the future" we undertake a discussion. Under altered circumstances and if existence of past physical pain was actually in issue

what is said would have similar application to the question of the preceding paragraph.

The question relates to those damages which in reasonable probability will be occasioned after date of the jury's verdict as the result of the injuries found (in answer to Special Issue No. 11) to have been sustained by plaintiff because of the collision. Only in the instruction appended is there an indication that there may or may not be any future physical pain (resultant from the injuries found in answer to Special Issue No. 11). Such is in the instruction, viz.: "Answer in dollars and cents, if any, or 'none'." Of course, under the law, if there is to be any physical pain in the future resultant from injuries sustained in the collision a finding of "none" as applied to damages would be error. Thus a finding of "none" necessarily denotes the implied finding that there will not be any physical pain in the future thus resultant. It appears, therefore, that if any prejudice flows from an absence of any inquiry as to whether plaintiff will, or not, sustain such future physical pain it could only be against the plaintiff, not the defendant. That is so because the jury might be of the unanimous opinion that plaintiff will experience future pain and yet decline to allow damages therefor by answering "none". The jury would not, however, be at liberty to find damages except for physical pain found which would, in reasonable probability, be suffered in the future. Thus, at least in this respect, defendant is not prejudiced.

Neither does the manner of submission assume that plaintiff has experienced pain in the past, or will in the future, in the inquiry of Special Issue No. 12. Defendant necessarily must found his complaints upon the premise that it does so assume in a misconstruction that the question in the "What sum of money * * *", etc. section makes inquiry of "injuries" rather than "damages". This is a fallacy. The question of injury is already answered by the jury in response to Special Issue No.

11. Already answered as well is the essential inquiry which established that the collision, effects of which resulted in plaintiff's injuries, was the proximate result of the defendant's negligence and not of any negligence on the part of the plaintiff.

The form of submission adopted did not expose defendant to imposition of any damages other than such as would be proper and compensatory. The form of the inquiry sufficiently limits the jury thereto. It is to be presumed that the jury's action was kept within the confines of that limitation, and that it did not take into consideration any "damages" because of future pain the plaintiff would experience other than those attributable to her injuries caused by the collision. In so holding we do not consider ourselves in conflict with the essential holding of the cases upon which defendant relies, viz.: Standard Paving Co. v. Pyle, 131 S.W.2d 200 (Fort Worth, Tex.Civ.App., 1939, no writ hist.); A. B. C. Storage & Moving Co., Inc. v. Herron, 138 S.W.2d 211 (Galveston, Tex.Civ.App., 1940, writ dism., judgm. cor.); Norris Bros. v. Mattinson, 145 S.W.2d 204 (Fort Worth, Tex.Civ.App., 1940, no writ hist.); Scott v. Gardner, 159 S.W.2d 121 (Fort Worth, Tex.Civ.App., 1942, writ ref., w. o. m.); Melear v. Fairchild, 278 S.W.2d 280 (Amarillo, Tex.Civ. App., 1954, no writ hist.). The decision of this Court in Cowden Cab Company v. Thomas, 425 S.W.2d 886 (Fort Worth, Tex. Civ.App., 1968, writ ref., n. r. e.), has been relied upon by the authors of "Pattern Jury Charges". Therein it was held that once a collision is found to have been proximately caused by the negligence of a defendant injuries "resultant" (not "proximately resultant") because of the collision is the proper subject of inquiry in the issues on damages. We continue in our belief that this is the law.

Defendant contends that the jury's findings relative to plaintiff's damages, and the judgment based thereon, were excessive.

The contention is based upon defendant's assertion of error in the manner in which Special Issue No. 12 was worded. The contention falls along with our holding that, as applied to this case, there was no reversible error in the manner in which the issue was submitted.

Defendant's points of error, whether or not covered in the foregoing discussion, have been severally considered. All are overruled.

Judgment is affirmed.