**Emmitt Lee JONES, Appellant,**

v.

**Jack L. McCOY, Appellee.**

**No. 4452.**

Court of Civil Appeals of Texas, Eastland.

March 26, 1971.

**668**

Scarborough, Black, Tarpley & Scarborough, Frank Scarborough, Abilene, for appellant.

Willoughby, Pope, Dickenson, Batjer & Glandon, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a damage suit arising out of an automobile collision brought by appellant, Emmitt Lee Jones, against appellee, Jack L. McCoy, and Ford Motor Company. The trial court granted Ford Motor Company an instructed verdict to which action no appeal has been taken. The collision in question occurred at an intersection controlled by a traffic signal light. Appellant entered the intersection facing a green light and appellee admittedly entered the intersection against a red light. Appellee defended on the theory of a sudden brake failure. No issues were requested or submitted concerning contributory negligence on the part of appellant.

In response to special issues the jury found that appellee failed to apply his emergency brake in time to avoid the collision, but that such failure was not negligence; that the emergency brake was defective; that appellee did not know it was defective; that his failure to discover the defect was not negligence; and, that the collision was an unavoidable accident.

Appellant contends the trial court erred by including in the charge an instruction on the law of sudden emergency. Appellee pleaded the defensive theory of sudden emergency but the usual emergency series

of issues were neither requested nor submitted.

In the section of the charge usually containing definitions and explanatory instructions the court defined negligence as follows:

> "the failure to use ordinary care, that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances."

In addition to the standard definition given above the charge contains the following instruction which is placed between Special Issue No. 8 (proximate cause issue) and Special Issue No. 9 (unavoidable accident issue):

> "When a person is confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on his part, and which to a reasonable person requires immediate action without time for deliberation, his conduct in such emergency is not negligence or a failure to use ordinary care, if, after such emergency arises, he acts as a person of ordinary prudence would have acted under the same or similar circumstances."

Appellant objected to the giving of this instruction because: (1) it was not necessary to any issue to be decided by the jury and was highly prejudicial; (2) it was a comment on the evidence by the court in that it assumed the defendant was confronted by an emergency which arose suddenly and unexpectedly and not proximately caused by any negligence on his part; and (3) it established a special standard to be used in determining the negligence of defendant.

Appellee argues that the "emergency" instruction was a proper additional aid to the jury to be used in connection with the definition of "negligence". He says the instruction complained of was requested in lieu of the usual series of special issues, accompanied by a definition of the term emergency, which may be found at 1 Texas Pattern Jury Charges, Sec. 3.07, page 61, Committee on Pattern Jury Charges of the State Bar of Texas (1969). He states the instruction was taken from the "Comment" section of Sec. 3.07 where it is suggested by the Committee that such instruction, in lieu of the usual sudden emergency issues, may present the defensive theory without danger of a conflict with other findings. The Committee does state that such instruction, if given in connection with particular issues concerning the conduct of a party in the emergency, may present the defensive theory of emergency without danger of a conflict. However, the Committee acknowledges there is no authority supporting the instruction and it should be noted, as we interpret the Committee's comment, it is suggested that the instruction might be used in connection with proper sudden emergency issues and it is not suggested that the instruction should apply to the charge as a whole.

■ It is our opinion the instruction, as given, was improper. The only function of an explanatory instruction in the charge is to aid and assist the jury in answering the issues submitted. Rule 277, Texas Rules of Civil Procedure; Hodges Special Issue Submission in Texas, Sec. 10; McDonald, Texas Civil Practice, Vol. 3, Sec. 12.14.2. The instruction did not refer to any particular issue in the charge and could only be considered by the jury as applying to the case as a whole. Levermann v. Cartall, 393 S.W.2d 931 (Tex.Civ.App., ref. n. r. e.). In Boaz v. White's Auto Stores, 141 Tex. 366, 172 S.W.2d 481 (1943), the Court recognized that Rule 277 gives the trial court certain latitude in giving explanatory instructions but that the rule did not authorize the giving of an instruction "which is not necessary to enable the jury to properly pass upon and render a verdict on such issues; and which is calculated to prejudice one of the parties before the jury". See also Pittsburg Coca-Cola Bot-

tling Works v. Ponder, 443 S.W.2d 546, (Tex.Sup.Ct.1969).

A finding that a party charged with negligence acted properly in a sudden emergency is significant in that it rebuts or disproves the contention that his conduct was negligent. The issues submitting the theory are inferential rebuttal issues, which present the contention that the actor's conduct was reasonable in light of the emergency in which he was acting, as opposed to the theory, presented by the issues on negligence, that his conduct was negligent. Hodges, Special Issue Submission in Texas, Sec. 24.

■■ We think the doctrine of sudden emergency, under our special issue practice, should be submitted by appropriate inferential rebuttal special issues together with necessary instructions by the court. In the instant case no sudden emergency special issues were submitted and the instruction, standing alone, as given by the trial court was not required by the jury to properly pass upon and render a verdict.

To determine the probable effect of this improper instruction we have examined the entire record. Rule 434, T.R.C.P. It is seen that the issue of appellee's negligence was sharply contested. The record reveals that appellee was claiming a sudden brake failure. He testified that after his primary brakes failed he applied the emergency brake but noticed no appreciable slowing of his automobile. The mechanic who repaired appellee's automobile following the collision stated that the main cup in the master cylinder had ruptured. Appellee did not ask the mechanic to check the emergency brake system nor did he tell the mechanic the emergency brake didn't work. Appellant attempted to show that appellee could have avoided the collision if he had properly applied the emergency brake. The

jury found that appellee failed to apply his emergency brake in time to avoid the collision but that this was not negligence and that the collision was the result of an unavoidable accident.

The sudden emergency instruction struck directly at the heart of these two issues which denied appellant recovery. Also, we feel the unnecessary instruction amounted to a comment on the weight of the evidence in that the trial court improperly emphasized appellee's theory of no negligence. Furthermore, the jury was instructed, in effect, that in answering any issue concerning negligent conduct the standard definition of negligence must be viewed in connection with the express provisions of the sudden emergency instruction which specifically stated that certain conduct would not constitute negligence. Thus, the traditional definition of negligence was departed from and a new standard was adopted for measuring appellee's conduct.

We think the instruction was prejudicial to appellant, not only as to the primary negligence issue, but also as to the unavoidable accident issue. Unavoidable accident was defined as an "event not proximately caused by the negligence of any party to it". We hold that such error was reasonably calculated to cause and probably did cause prejudicial harm to appellant so as to require a remand of the case.

In view of our decision to remand we will note that appellant's other point of error concerns abuse of judicial discretion, and we feel that if the matter should again be presented to the trial court the facts and circumstances would be substantially different. Therefore, we do not consider it necessary to pass upon the point.

The judgment of the trial court is reversed and the cause remanded for another trial.