Charlene **BRANNON** et vir, Appellants,

v.

C. L. **TIPPETT** et al., Appellees.

No. 8065.

Court of Civil Appeals of Texas.
Texarkana.

Sept. 26, 1972.

Rehearing Denied Oct. 17, 1972.

**820**

Welby K. Parish, Gilmer, for appellants.

John M. Smith, Smead, Roberts, Harbour, Smith, Harris & French, Longview, for appellees.

DAVIS, Justice.

This is a rear end collision case. Plaintiffs-Appellants, Charlene Brannon (hereinafter referred to as Mrs. Brannon) joined by her husband, L. C. Brannon, sued Defendants-Appellees, C. L. Tippett and Thomas Leon Tippett (hereinafter referred to as Thomas Tippett) for personal injuries received by Mrs. Brannon when her automobile was struck in the rear by a car driven by Thomas Tippett. The Appellants did not allege any damages for doctor bills, drug bills and the repair to their automobile. The jurors found that Mrs. Brannon had suffered $1,500.00 in damages and $350.00 as medical and hospital services. There were no special issues submitted as to the amount of damages done to the car. Great Southern Fire & Casualty Insurance Company filed a plea of intervention wherein they alleged that they had been out the sum of $937.98, exclusive of the deductible feature of their insurance policy and prayed for a return of this sum of money.

On or about September 30, 1966, about 5:30 P. M., Mrs. Brannon was operating a 1965 Buick automobile on Marshall Avenue (on US Hwy #80) in a westerly direction in the city limits of Longview, Gregg County, Texas. Mrs. Brannon was on her way to the fairgrounds to pick up her minor son who was showing a calf that he had raised. She had reached Lamond Street and had brought her car to a complete stop with the signal lights blinking, indicating that she intended to turn left off Marshall Avenue to go to the fairgrounds. She was accompanied by a minor daughter, Donna Brannon, the only other passenger in the automobile who was strapped to the seat and only received slight bruises. Mrs. Brannon was waiting for the traffic in the left-hand lane going in an easterly direction to get out of the way so she could turn on to Lamond Street to go to the fairgrounds. Thomas Tippett was driving his father's Opel car in a westerly direction along Marshall Avenue and hit the Buick automobile in the rear with great force and violence and knocked Mrs. Brannon forward and backward from which she received serious injuries to her neck and spinal column.

Thomas Tippett was driving the Opel automobile in violation of the law which required him to wear his glasses while he was in the process of driving an automobile upon a public highway, road, street or alley. Thomas Tippett gave two excuses for hitting Mrs. Brannon. One was a sudden emergency that occurred when a pickup truck that was driving in front of him pulled over to the right-hand lane and his

excuse was that he was too close to Mrs. Brannon in time to apply his brakes sufficiently to keep from hitting her. If such were true, he would have to have been trailing the pickup awfully close) or, he could have stopped or pulled to the right. The only thing that created a sudden emergency was the negligence of Thomas Tippett in driving too close behind Mrs. Brannon without his glasses on. Thomas Tippett's other excuse was that there was traffic in the right-hand lane on Marshall Avenue and he could not pull his car to the right. If such were so, all of this was due to the negligence of Thomas Tippett in driving his car too close behind Mrs. Brannon without his glasses and at a greater speed when he could not stop before hitting her. The pickup passed her car without hitting it.

The Trial Court submitted another special issue on unavoidable accident. The jury answered this question in favor of Thomas Tippett. An unavoidable accident is one that is caused by the negligence of two people; or, without the negligence of either one. This issue should not have been submitted.

The case was tried before a jury and the jury answered all the special issues in favor of Thomas Tippett. Appellants have perfected their appeal and bring forward eleven points of error.

We will not discuss the points of error in the manner in which they were raised. By Points 8, 9, 10 and 11, Appellants say the Trial Court erred in not setting aside the entire verdict of the jury and granting a new trial because the jury was guilty of misconduct which rendered their proceedings and the verdict null and void and contrary to the laws of the state of Texas. One of the jurors signed an affidavit that he was involved in a rear end collision and he did not reveal this fact to the attorneys on voir dire examination before he was selected as a juror. He further discussed in the affidavit the difference in the size of the Buick automobile and the Opel automobile that was being driven by Thomas Tippett. He swore in the affidavit, in part, as follows:

"In deciding on our answer to the issue inquiring about the emergency, we all discussed that this type of automobile accident was a common situation, and that all of us had been in similar situations, and that all of us would have done the exact same thing as Mr. Tippitt did in the same situation."

He further swore in the affidavit that in discussing their answer to the unavoidable accident issue they spent most of their time reading the issue in an attempt to understand the question. He swore that Mr. Tippett had not worn his glasses, and whether this had anything to do with the unavoidable accident. Eight of the jurors were called to testify on the amended motion for new trial. Several of them testified that they discussed the size of the two automobiles; some of them said that they had been involved in similar situations; they did not discuss whether or not either party was guilty of any negligence that caused the collision; and, they did not reveal the fact that they had been involved in certain collisions to the attorneys on voir dire examination prior to being selected as jurors in the case. Of course, they all swore on cross-examination that they considered only the testimony that was offered in the case in answering the special issues. This is hard to believe. It is hard to set aside a jury verdict for jury misconduct. The Trial Court submitted Special Issue No. 10, with the following instructions:

"Do you find from a preponderance of the evidence that the occurrence in question was not the result of an unavoidable accident?

'Unavoidable accident' means an event not proximately caused by the negligence of any party of it."

The jury apparently did not consider the negligence of Thomas Tippett. They answered the special issue "It was the result of an unavoidable accident."

Mrs. Brannon had her car parked in the left-hand lane of traffic. She was not guilty of any negligence at all. Thomas Tippett was driving a car along the street and highway and there was nothing to prevent him, provided he had been driving legally, from seeing Mrs. Brannon and should have stopped his car before hitting her. In hitting her in the rear, he was guilty of an act of negligence. Therefore, it was "not" an unavoidable accident. 40 Tex.Jur.2d 718 Sec. 172, and the authority cited therein. Missouri Pacific Railroad Company v. Sparks, Tex.C.C.A., 1968, 424 S.W.2d 12, writ ref'd n. r. e.; Allen v. Riedel, Tex.C.C.A., 1968, 425 S.W.2d 665, n. w. h. Undoubtedly, the jurors stated their personal experiences, as well as their personal knowledge concerning material facts which undoubtedly influenced the jurors in arriving at their verdict. From reading the record as a whole, the jurors evidently did not consider whether or not Thomas Tippett was guilty of any negligence whatever that brought about the accident in question. If they had done so, they would have found him guilty of negligence and would have found that it was "not" the result of an unavoidable accident. Points 8, 9, 10 and 11 are sustained.

By Points 6 and 7 the Appellants say that the Trial Court erred in submitting the issues on sudden emergency and the sudden emergency was a sole and proximate cause of the accident in question. Thomas Tippett admitted that Mrs. Brannon was not guilty of any act or misconduct leading up to, or causing, or bringing about the accident in question. The only special issues requested by Appellees concern the question of sudden emergency, whether or not Thomas Tippett acted as a person of ordinary prudence would have acted under the same or similar circumstances and whether or not the sudden emergency was the sole proximate cause of the collision in question. As we read the evidence in the case, as a whole, we find from the evidence that it was the negligence of Thomas Tippett that did create the sudden emergency, if any there actually existed. It was not through any fault of Mrs. Brannon, whatever, that caused the accident. The evidence on this issue is so slight that it makes the finding of the jury most unreasonable and unjust. By the term "sudden emergency" is meant a condition arising suddenly and unexpectedly and not proximately caused by any negligent act or omission on the part of Mrs. Brannon. The special issues on sudden emergency and unavoidable accident should have not been submitted in this case. Jones v. McCoy, Tex.C.C.A., 1971, 466 S. W.2d 667, n. w. h. Points 6 and 7 are sustained.

By Points 1 through 5 inclusive, Appellants say the Trial Court erred in holding that Thomas Tippett failed to keep a proper lookout; in not disregarding the finding of the jury that Thomas Tippett did not drive his car at greater rate of speed than a person of ordinary care because it is not supported by the evidence; it is contrary to the evidence; he was driving at a greater rate of speed than a person using ordinary care under the circumstances by driving his car without his glasses; in not disregarding the jury finding that Thomas Tippett did not fail to make a proper application of his brakes because the same was contrary to the evidence; and, in the alternative, that the undisputed evidence shows that Thomas Tippett did not make an application of his brakes; in not disregarding the finding of the jury that Thomas Tippett did not fail to turn to the right before the collision because the same is contrary to the evidence; there is no evidence that he made any effort to turn to the right; in not disregarding the jury finding that Thomas Tippett did not fail to maintain an assured clear distance between his vehicle and the vehicle driven by Mrs. Brannon because the same is contrary to the evidence; and, in the alternative, the evidence is undisputed to show that Thomas Tippett failed to maintain such an assured clear distance. Thomas Tippett admitted that Mrs. Brannon was not guilty

of any conduct whatever that would bring about or cause the collision. He admitted that she was parked in the left-hand lane of traffic going in a westerly direction at Lamond Street, with her blinking lights signaling that she was going to turn left, and that Thomas Tippett ran into the rear of her car. There may be a little bit of evidence that would tend to show an excuse, but there is not enough. Thomas Tippett was driving too closely to Mrs. Brannon's car just before the collision. At the trial of the case he testified that a white pickup was in front of his car and he could not see Mrs. Brannon's car for the pickup. He testified that the pickup truck pulled to the right and went around Mrs. Brannon's car and that when he saw Mrs. Brannon's car he was too close to it to stop before he hit it. If this is true, he must have had the nose of his car under the back end of the pickup. Art. 6701d, Sec. 61, R.D.S. reads as follows:

"(a) The driver of a motor vehicle shall, when following another vehicle, maintain an assured clear distance between the two vehicles, exercising due regard for the speed of such vehicles, traffic upon and conditions of the street or highway, so that such motor vehicle can be safely brought to a stop without colliding with the preceding vehicle, or veering into other vehicles, objects or persons on or near the street or highway."

■ If Thomas Tippett had been wearing his glasses and keeping a proper lookout he would not have hit Mrs. Brannon. Therefore, Thomas Tippett was guilty of negligence as a matter of law. Allied Finance Company v. Gammill, Tex. C.C.A., 1969, 440 S.W.2d 897; Patton v. Chapmond, Tex.C.C.A., 1971, 464 S.W.2d 467, writ ref'd n. r. e.; Wyatt v. Sears Roebuck & Co., Tex.C.C.A., 1972, 480 S.W.2d 7.

Points 1 through 5, inclusive, are sustained.

First, we will point out that Appellants did not plead their case in order to make all the proof that was required of them. They did not plead that it was necessary for Mrs. Brannon to see a doctor, that he made reasonable charges for his services and how much they were. They did not allege that she had to take any drugs nor how much they cost. They did not allege that it was necessary for Thomas Tippett to wear glasses at the time that he was driving his automobile. They did not allege how much it cost to repair their Buick automobile nor did they prove the same. If the attorney for the Appellees had followed the rules of evidence, he would have objected to any proof on any of these issues. The Trial Court would have had to sustain him. We would suggest that if the case is ever tried again that the Appellants amend the pleadings and make these allegations.

■ Second, Thomas Tippett was a minor at the time of the accident, and was a minor at the time of the trial. No one answered as a Guardian or as a next friend in his behalf. We think that it was necessary that a Guardian ad litem should have been appointed for Thomas Tippett before any judgment could have been rendered for or against him. Rule 173, Texas Rules of Civil Procedure, and the authority cited thereunder. Thomas Tippett was twenty years of age when the appeal was perfected. If the case is tried again, this will not be necessary.

The judgment of the Trial Court is reversed and the cause is remanded.

CHADICK, Chief Justice.

So that Supreme Court review may be hastened, I concur with the notation that I do not join in sustaining, expressly or otherwise, any no evidence point or point pertaining to the great weight and sufficiency of the evidence.