Patricia MOORE, Appellant,

v.

CITRAN, Appellee.

No. 17891.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 3, 1977.

Rehearing Denied Dec. 1, 1977.

Herrick & Waltrip and Bill Waltrip, Fort
Worth, for appellant.

Cantey, Hanger, Gooch, Munn & Collins
and William L. Hughes, Jr., Fort Worth, for
appellee.

OPINION ON MOTION FOR
REHEARING

MASSEY, Chief Justice.

Our opinion rendered October 13, 1977 is
withdrawn, with the following substituted
therefor.

Plaintiff was a passenger on a city bus
operated by Citran. She had boarded the
bus only a few moments before the occasion
of her accident and had not arrived at her
seat. She was approximately eight feet

from the point in the aisle which would be opposite the driver and was walking toward the rear as the bus was moving out and at a time when its speed was between 15 and 20 miles per hour. At that time a passenger automobile going the same direction went past the bus and then changed lanes by turning rather sharply into the lane immediately in front. The driver applied his brakes rather abruptly to avoid colliding with such passenger automobile, and as a result thereof plaintiff was caused to be thrown backward so that she came to a sitting position immediately alongside the driver. She was injured as a result and by her suit against Citran sought damages.

Upon trial before a jury there was refusal to find for the plaintiff that Citran was negligent in starting of the bus from a stopped position before she was seated or in failing to warn her of the impending stop because of the presence of the passenger automobile. Based thereon the trial court rendered judgment that the plaintiff take nothing by her suit. She appealed.

We reverse and remand.

■ We think it obvious that the fact that plaintiff was not seated when the bus was started from its stopped position would not have been negligence on the part of Citran, though the fact that she was not yet seated "set the stage" for her fall when there was application of the bus brakes. Nothing to the effect that plaintiff was other than able-bodied and unencumbered was shown and in and of itself starting the bus without jolt or unusual movement is not negligence according to the great weight of authority. 14 Am.Jur.2d p. 437, "Carriers" § 1016,"—Starting before passengers are seated"; 57 A.L.R.2d p. 5, Annotation; "Motor Carrier's liability for injury to passenger by sudden stopping, starting, or lurching of conveyance."

The only material issue was that which inquired whether there was negligence in Citran's driver's failure to warn plaintiff immediately prior to the application of the bus brakes. The doctrine of sudden emergency was plead and relied upon by Citran. There was no request for any special issue

inquiring whether the manner of application of the brakes was negligent. If the driver of the bus was in fact confronted with a condition of sudden emergency occasioning the application of brakes which occasioned plaintiff's fall there would have been no opportunity to warn plaintiff. Though plead there was no special issue inquiring whether a proper lookout was being kept. Of course such an issue would have related to a time prior to that upon which any emergency might have arisen and could have been a question for the jury's consideration in arriving at a conclusion of whether the kind of emergency which might have been defined in the court's charge was arisen or not.

The determinative question would appear to be whether or not, free of any negligence on his part, Citran's driver was confronted with a sudden emergency calling for his immediate action in avoiding the passenger automobile which he testified was turned sharply into the traffic lane in front of him.

■ Sudden emergency was raised as an issue of fact to be considered by the jury by Citran's evidence under its pleadings. Preliminary to consideration of propriety in the form of the definition of sudden emergency given in the charge there would be no doubt that to give a definition would be proper. It was of the form and not of the fact of the instruction of sudden emergency that plaintiff complained.

The following definition(s) were given: "HIGH DEGREE OF CARE" means that degree of care which would have been used by a very cautious, competent, and prudent person under the same or similar circumstances.

"NEGLIGENCE" means failure to use a high degree of care; that is to say, failure to do that which a very cautious, competent, and prudent person would have done under the same or similar circumstances, or doing that which a very cautious, competent, and prudent person would not have done under the same or similar circumstances.

When a person is confronted by an emergency arising suddenly and unexpectedly, not proximately caused by any negligence on his part, and which to a reasonable person requires immediate action without time for deliberation, his conduct in such an emergency is not negligence or a failure to use a high degree of care, if, after such emergency arises, he acts as a very cautious, competent, and prudent person would have acted under the same or similar circumstances.

*Jones v. McCoy,* 466 S.W.2d 667 (Tex.Civ. App.—Eastland 1971, no writ history) is relied upon by plaintiff to support her contention that to give the above instruction upon sudden emergency amounted to a comment on the weight of the evidence in this case, in that by the words "[w]hen a person is confronted by an emergency . . ." the court assumed that there was an emergency when existence of such was a controverted fact. These same words were used in the instruction in the charge of the court in *Jones, supra.* It is by a degree of implication that the opinion in *Jones, supra,* might be said to have so held. In that case there were no special issues inquiring as to whether there was a sudden emergency as by the usage of Texas courts prior to the opinion of *Yarborough v. Berner,* 467 S.W.2d 188, 192 (Tex.1971). The opinion in *Jones, supra,* was handed down by the Eastland court of civil appeals on March 26, 1971, and there was no motion for rehearing filed in that case, and the supreme court opinion of *Yarborough, supra,* was handed down April 28, 1971. Obviously the Eastland court gave consideration to a need for special issues and believed that absent such the instruction should not have been given. The supreme court opinion instructed that the concept of both the sudden emergency and unavoidable accident doctrines would be better served by explanatory charges or definitions in the charge than by submitting special issues. The opinion in *Jones, supra,* must be examined carefully as it would necessarily be qualified by the instruction of the supreme court in *Yarborough, supra.*

■ Our holding is that where there exists the question whether in fact a litigant is or not confronted with a condition of sudden emergency the giving of the instruction upon sudden emergency as was given in the instant case, i. e., prefaced by the words "[w]hen a person is confronted by an emergency . . .", would constitute a comment on the weight of the evidence. This would be true in this case because the jury would understand that it was the opinion of the court that free of any negligence on his part, the Citran bus driver was confronted with a condition of emergency requiring his immediate action without time for deliberation when he applied the brakes.

Though in the case before us the giving of an instruction would have been proper if in a form not incorrect under the circumstances, we consider the following from *Jones, supra,* to be appropriate, viz: "The sudden emergency instruction struck directly at the heart of these two [plaintiff's] issues which denied appellant recovery. Also, we feel the unnecessary instruction amounted to a comment on the weight of the evidence in that the trial court improperly emphasized appellee's theory of no negligence. Furthermore, the jury was instructed, in effect, that in answering any issue concerning negligent conduct the standard definition of negligence must be viewed in connection with the express provisions of the sudden emergency instruction which specifically stated that certain conduct would not constitute negligence. Thus, the traditional definition of negligence was departed from and a new standard was adopted for measuring appellee's conduct."

■ On the matter of prejudice; though plaintiff placed the bus driver for Citran on the stand to testify in making out her case (at the time he was no longer the employee of Citran) her examination stopped short of introducing evidence that he was confronted with a condition of emergency. That proof was fully made out by witnesses placed on the stand by Citran. In other words there was nothing in the proof of a plaintiff's *prima facie* case which estab-

lished the fact of a defendant's confrontation with an emergency situation. There was not a waiver of the plaintiff's right to complain of the instruction because of her own evidence.

In view of the fact that we sustain the point by which plaintiff complains of the comment on the evidence by the instruction in the court's charge, we forego discussion on others of the points of error presented. They have been severally considered and we overrule all of them.

Judgment is reversed, with the cause remanded to the court below for retrial.